## SCREWS vs. UPSHAW.

[CONDITIONAL GRANT OF NEW TRIAL.]

1. *What constitutes payment of costs in performance of condition.*—Under an order granting a new trial, " on the sole condition that the plaintiff pay all costs in four months," nothing but an actual payment in money, within the prescribed time, can be deemed a compliance with the condition, unless the defendant consents to receive something else in satisfaction of the costs.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. JOHN GILL SHORTER.

IN this case, at the spring term, 1857, after the rendi-
tion of a judgment on verdict for the defendant, on mo-
tion for a new trial, the court made an order in these
words: "It is considered that said motion be granted, on
the sole condition that the plaintiff pay all costs in four
months." At the next ensuing term, the defendant
moved the court to strike the case from the trial docket,
on these two grounds: 1st, because the order granting a
new trial was void; and, 2d, because the condition an-
nexed to the order had not been complied with. On the
hearing of this motion, as apears from the bill of excep-
tions, the following evidence was adduced:

"The defendant introduced one McNab as a witness,
who was the clerk of said court, and who testified, that
John W. Clark, the sheriff of the county, came to him in
May, 1857, and told him that he had been requested by
one Thomas Rivers, who was interested in the subject-
matter of the suit, to pay the costs which had to be paid
in order to get a new trial in this case, and told witness
to charge the costs to him (said Clark), and that he would
allow him (witness) credit for the amount on settlement;
that he (witness) was indebted to said Clark, for costs col-
lected for him as such sheriff, and also an individual debt
for goods and groceries; that said Clark, as sheriff, had
also collected costs for him as clerk, to be accounted for on
settlement; that it was their custom to keep running ac-
counts against each other for costs; that he agreed to
charge said costs to said Clark, and did charge them to
him, to be placed to his credit on said account for goods,
groceries and costs; that no money was in fact paid to
him for said costs, or any part thereof, either by said
Clark or any one else, within said four months, or at any
other time; that he had never received any funds from
any person, to be applied to the payment of said costs, or
any part thereof; that the order for the payment of costs
had never been complied with, except as above stated;
that at the time of said arrangement and agreement with

Clark, he (witness) gave said Clark a receipt, dated the 20th May, 1857, which acknowledged payment by the plaintiff of all the costs in this case, and which receipt was genuine; that he had always held himself in readiness to pay the witnesses in the case, whenever they presented their certificates; and that, at the fall term, 1857, he had paid most, if not all, of the witness-fees due in respect of said new trial. The defendant also introduced a witness who testified, that he had attended and been examined as a witness in this case, had proved his attendance, and received his certificate; that at the fall term, 1857, he presented his said certificate for payment to George W. Coleman, the general deputy of said McNab as clerk, and was informed by him that the costs had not been paid, and that they were to be paid by said Thomas Rivers; that afterwards, on the same day, he presented his said certificate to plaintiff, who then paid him the money due on it.

"The defendant resting his said motion on the foregoing proof, the plaintiff then introduced and examined as witnesses the said Clark and Coleman, sheriff and deputy-clerk as aforesaid, both of whom testified, that said Clark, within four months from said spring term, 1857, and after said arrangement between him and McNab, upon the idea occurring to him that said arrangement might not stand, went into the clerk's office, and finding said Coleman there, who transacts the general business of the office, told him that, if said arrangement with McNab about the payment of said costs would not do, he was willing then to pay the money; that said Coleman replied, 'never mind, it would do at the next term of the court;' and that Clark tendered in money and made no offer, except as above stated. Said Clark further testified, that he had no funds in hand at the time of said arrangement with McNab, or at the time of said offer to Coleman, belonging either to plaintiff or said Rivers; that at the time of said Rivers' request to him to pay the costs, he was the administrator, by virtue of his office as sheriff, of the estate of one Cobb, against which said Rivers had an unpaid claim for about $75; but that he had no reference

to said claim in undertaking to arrange for the payment of said costs as above stated. The amount of the costs to be paid was $56.

"The foregoing being all the evidence, the court held that the condition had not been complied with by the payment of the costs within the time limited, and ordered the cause to be struck from the docket; to which the plaintiff excepted," and which he now assigns as error.

L. L. CATO, for the appellant.

PUGH & BULLOCK, *contra*.

R. W. WALKER, J.—The effect of the order made by the court, upon the motion for a new trial, was, that the judgment in favor of Upshaw was to stand, unless Screws should pay all the costs in four months.

By virtue of his office, the clerk was authorized to receive the costs, the payment of which was the condition upon which the new trial was granted. But he had not the right to accept of anything but money in payment. The negotiation between the sheriff and the clerk, however it might bind the latter, cannot affect the plaintiff in the judgment, who in no wise assented to it. Without Upshaw's consent to receive something else in satisfaction of the costs, nothing but an actual payment in money, within the time prescribed, could be deemed a compliance with the condition imposed by the court. Williams v. Charles, 7 Ala. 203; Cook v. Bloodgood, 7 Ala. 687; Bobo v. Johnson, 3 S. & P. 385; Bank of Orange Co. v. Wakeman, 1 Cowen, 46; Keller v. Scott, 2 Sm. & M. 81.

The offer of the sheriff to pay the costs, when he had no money with which to make the payment, and the reply of the deputy clerk waiving payment at the time, cannot, as against the plaintiff in the judgment, be deemed equivalent to actual payment. How it might be, if Screws had, within the time prescribed, made an actual tender of the money to the clerk, and the latter had *refused* to receive it, we need not inquire. No such proof was made in this case.

The judgment is affirmed.