## EX PARTE JONES.

[APPLICATION FOR MANDAMUS TO COMPEL CAUSE TO BE REINSTATED ON TRIAL DOCKET.]

1. *Conditional grant of new trial.*—Under an order granting a new trial, "on payment of the costs within ninety days," the payment of the costs within the prescribed time is a condition precedent to the grant of a new trial; and if the costs are not paid until after the expiration of the ninety days, the cause may be struck from the trial docket at the next term, and the opposite party be allowed to proceed on his original judgment.

APPLICATION for a *mandamus* to the Circuit Court of Montgomery, Hon. S. D. HALE presiding, to compel that court to reinstate on the trial docket a certain cause, wherein one F. M. Lawrence was plaintiff, and Seaborn Jones (the petitioner) and others were defendants. The transcript accompanying the petition showed, that at the June term of said circuit court, 1859, a judgment on verdict was rendered for the plaintiff in said cause; and that

on a subsequent day of the same term, on the defendants'
motion for a new trial, an order was made in the follow-
ing words: "Came the parties, by their attorneys, and
the defendants move the court for a new trial in this cause;
which motion, being understood by the court, is granted
to the defendants, on payment of the costs within ninety
days, and on condition that, at the next trial of this case,
the defendants admit the plaintiff's right to recover, and
agree that the issue shall be confined to the amount of
the recovery; and on the further condition, that the
plaintiff consent that the defendants' bill of exceptions,
taken on this trial at the present term, so far as it involves
the plaintiff's right to recover, shall not be waived or
otherwise impaired by this order; which conditions each
party respectively accepts."   The transcript also showed,
that at the next ensuing term, the plaintiff moved the
court to strike the cause from the trial docket, and allow
him to proceed on his original judgment, on the ground
that the defendants had not complied with the terms of
the order in the payment of the costs; that it was proved
to the court, on the hearing of this motion, that the costs
were not paid until the 25th October, 1859, which was
after the expiration of ninety days from the adjournment
of the preceding term; that the court thereupon granted
the plaintiff's motion, and that the defendants reserved an
exception to its ruling.

WATTS, JUDGE & JACKSON, WM. P. CHILTON, and JOHN
A. ELMORE, for the motion.

GOLDTHWAITE, RICE & SEMPLE, contra.

R. W. WALKER, J.—In Ex parte Lowe, (20 Ala.
330,) there was an order that "a new trial be granted the
defendant, on the payment of all the costs of suit." This
court held, that this was the grant of a new trial, upon
condition that the defendant pay all the costs; that the
time for the payment of the costs not being specified,
they were to be paid within a convenient or reasonable
time; and that a payment on the first day of the next
succeeding term after the order was made, was, according

to the previous decisions of the court, a payment within a reasonable time, and had the effect of placing the cause on the docket for trial.

In *Ex parte* Beavers, (34 Ala. 71,) the order was, that a new trial be granted, " upon the payment of all the costs in this case, and the costs of this motion, within ninety days, *for which let execution issue."* In considering this order, it was said, that if the words italicised had been omitted, the order would have prescribed the payment of the costs as a condition precedent to the grant of a new trial. The direction that an execution should issue, was held to distinguish the case from all those orders which had been held to prescribe the payment of the costs as a condition precedent. An order for a new trial on payment of the costs, unaccompanied by a direction for the issuance of an execution to enforce their collection, would, it was said, make a compliance with the condition by a payment of the costs optionary with the party. As there cannot be process to compel the performance of an act which is optionary, no execution could issue upon such an order. Inasmuch, therefore, as the direction for the issuance of an execution could have no effect, if the payment of the costs was considered a condition precedent to a new trial, it was decided, that the order must be regarded as an unconditional grant of a new trial; the words " upon the payment of all the costs," when considered in connection with the context, being understood as simply designed to state the terms upon which the new trial was *then* granted.

In Screws v. Upshaw, (34 Ala. 496,) a new trial was granted, " on the sole condition that the plaintiff pay all the costs *in four months.*" The order in that case was distinguishable from the one construed in *Ex parte* Lowe, (*supra,*) in that it prescribed the time in which the costs were to be paid; and it differed from the order in *Ex parte* Beavers, (*supra,*) because there was no direction for an execution to issue. We held, that the effect of the order was, that the judgment in favor of Upshaw was to stand, unless Screws should pay all the costs in four months; and that nothing but an actual payment in money, within

the time prescribed, could be deemed a compliance with the condition imposed by the court. Of the propriety of this decision we entertain no doubt; and its entire consistency with the other cases decided by this court, as to the construction of this class of orders, is manifest.

When a new trial is granted on the payment of costs, and the time in which the payment is to be made is specified in the order, that part of the order which prescribes the *time* of payment is as much a material ingredient of the condition imposed, as that which designates *what* is to be paid. Every part of the grant must be allowed some effect, and there must be a compliance with the entire condition. Under such an order, no means are provided for compelling the defendant to pay the costs; but it is left at his option to pay them within the prescribed time, and thus get a new trial, or to fail to pay them within that time, and thus fail to get a new trial.

So far as the order in this case prescribes the payment of costs as a condition for a new trial, it does not materially differ from that which was made in Screws v. Upshaw, *supra*. The court prescribed the payment of the costs in *ninety days*, as a condition precedent to the grant of a new trial. The defendant elected not to pay within the prescribed time, and has lost a new trial by his own voluntary failure to comply with the condition imposed by the court. Willis v. P. & M. Bank, 19 Ala. 141; Edwards v. Lewis, 18 Ala. 494; Reese v. Billing, 9 Ala. 263.

The motion for a *mandamus* is overruled, at the costs of the petitioner.