# Hundley *v.* Yonge.

*Action at Law to enforce Mechanic's Lien.*

1. *New trial; when motion must be made and acted on.*—Unless it appears affirmatively from the record, that a motion for a new trial was made, called to the attention of the court and specially continued during the term at which judgment was rendered, the court has no power to entertain it at a subsequent term.

2. *Same; when it may be heard at adjourned term.*—At an adjourned term under the statute, no limitation as to business having been prescribed in the order of adjournment, the circuit court has the same authority and jurisdiction as it had at the regular term, of which the adjourned term is a mere continuation; and hence, it may hear and grant a motion for a new trial made at the regular term, although the motion had not been specially continued.

3. *Same; grant on conditions to be performed in vacation.*—The granting of new trials on terms and conditions to be performed in vacation, has prevailed too long to be now questioned.

APPEAL from Lee Circuit Court.

Tried before Hon. JAMES E. COBB.

This action was brought by A. M. Hundley against W. P. Yonge and his wife to enforce a mechanic's lien for work and labor done by the plaintiff in building a mill on the lands of Mrs. Yonge. A demurrer to the complaint having been sustained by the court, the plaintiff filed an amended complaint, to which the defendants interposed a demurrer, which was also sustained by the court. Numerous grounds of demurrer were assigned to the original and amended complaints, but as the averments of both show that the plaintiff's claim did not come within the statute creating the lien, it would serve no good purpose to set them out at length. At the Spring Term, 1877, the defendants failing to appear, a judgment by default was rendered against them. Subsequently, at the same term, the defendants filed a motion for a new trial; and on the last day of the term an order was entered, reciting that the presiding judge had failed to dispose of the business of the term, and adjourning the court until the 16th day of July, 1877, without prescribing any limitation as to the business to be transacted at the adjourned term. No order was made specially continuing the defendants' motion for a new trial. At the adjourned term the motion was heard and granted on condition that the defendants should pay the costs of the suit and of the motion within ninety days from the date the motion was granted. To this ruling of the court the plaintiff excepted. The plaintiff declining to further amend his complaint, judgment final was rendered on the demurrer for the defendants, from which this appeal was taken.

The rulings of the Circuit Court above noted are here assigned as error.

H. C. LINDSEY, for appellant.

G. D. & G. W. HOOPER, contra.

BRICKELL, C. J.—The term of the court is the limit within which the power to grant new trials may be exercised, unless the application is for a rehearing founded on the statutes.—Code of 1876, §§ 3159–3171. But if during the term at which the judgment is rendered, a motion for a new trial is made and continued, the court may at a subsequent term hear and decide it.—2 Brick. Dig. 276, §§ 3–4. Such motions are not, however, like causes pending in the court in which no final action is had, continued by operation of law, if not decided at the term at which they are made; nor are they kept alive by the mere general order of continuance *of all causes and motions not*

[Crumley Bros. v. Bryan & Co.]

*otherwise disposed of*, which it is the practice of the court to enter at the close of each term. Unless it appears affirmatively from the record that the motion was made and called to the attention of the court during the term at which judgment was rendered, and by the court continued, it is without vitality at a subsequent term, and the court has not power to entertain it. *Gunnells v. State Bank*, 18 Ala. 676. In this case the motion for a new trial was regularly entered at the term at which judgment was rendered. The court did not adjourn *sine die*, or to the next regular term, but to a day intervening. The adjournment was authorized by the statute.—Code of 1876, § 654. The adjourned term was a mere continuation of the regular term, and over all matters not disposed of at some former term, the court had full authority; the authority and jurisdiction it would have had if there had not been an adjournment; the particular business to be transacted at the adjourned term not being prescribed in the order of adjournment.— *Van Dyke v. The State*, 22 Ala. 57. The only limitation prescribed as to the business to be transacted at the adjourned term was as to criminal, not civil causes; and all civil business was therefore in the power and jurisdiction of the court at the adjourned term. The court was not without the power to hear the motion for a new trial, and granting or refusing it was a matter of discretion not revisable. The granting of new trials on terms and conditions to be performed in vacation, has prevailed too long for us now to question it. *Edwards v. Lewis*, 18 Ala. 494; *Ex parte Lowe*, 20 Ala. 220; *Ex parte Jones*, 35 Ala. 706.

The complaint, original and amended, is clearly obnoxious to several of the causes of demurrer assigned. It does not aver a state of facts upon which a statutory lien on the lands described, capable of enforcement by action at law, would exist in favor of the plaintiff.

Affirmed.