# Southern Railway Company *v.* Jones.

*Action for Damages for Negligence causing Death.*

1    *Damages; negligence; question for jury.*—Where the conductor of an electric car, on coming to a railway crossing, stops his car, goes to the center of the crossing, and, seeing no danger, proceeds to take his car across, and is struck and killed by a train on the other road, it cannot be declared, as a matter of law, that the violation of section 3441 of the Code was negligence which proximately contributed to his death. This is a question for the jury.

[Southern Railway Company v. Jones.]

2.  *Same; same; section 3441 of Code construed.*—Code, sec. 3441, providing that engineers and conductors, approaching a railroad crossing, shall stop, and, before crossing, must know the way to be clear, is to be construed as requiring knowledge, not only that the crossing is free from immediate obstruction, but free from danger of such obstruction as ought reasonably be expected. It does not require knowledge that the way will continuously remain clear against all after occurring, extraordinary, unanticipated and unascertainable happenings.

3.  *Same; same.*—The conductor of an electric car, in discharging the duties imposed upon him by the statute, on approaching a railroad crossing, has a right to presume that the operators of the railroad would observe the duties placed upon them by law.

4.  *Same; contributory negligence; proximate cause.*—Proximate cause, as applicable to cases of contributory negligence is a want of ordinary care upon the part of a person injured by the negligence of another, when, acting concurrently and in conjunction with the negligence complained of, such want of ordinary care in natural and continuous sequence, unbroken by any intervening, independent, efficient cause, results in the injury, which, but for the want of ordinary care on the part of the person injured, would not have occurred. But, when a person, injured by the negligence of another, is himself guilty of carelessness, or want of ordinary care, which is a mere condition or remote cause of his injury, followed by a subsequent, intervening, independent and efficient cause, to-wit, the negligence of the party complained of, as the true, or proximate cause of the injury, such carelessness or want of ordinary care on the part of the person injured, not being a bar to an action by him to recover for the injuries inflicted, may be spoken of as remote in the chain of causation. The question of proximate, or remote cause, is for the jury.

5.  *Motion for new trial; continuance.*—A special motion for a new trial is not continued by a general order of court "That all cases, actions, motions and proceedings pending in this court, not otherwise disposed of at this term of court, be and the same are continued generally until the next term of this court."

APPEAL from Jefferson Circuit Court.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by Gertrude T. Jones, as administratrix of the estate of Elbert N. Jones, deceased, against the Southern Railway Company, and sought to recover damages for the death of the intestate,

which was alleged to have been caused by the defendant.

No statement of the facts, other than those contained in the opinion, is deemed necessary. From judgment for plaintiff, defendant appealed.

JAMES WEATHERLY, for appellant, cited;—*Mosby v. C. L. & N. R. R. Co.*, 125 Ala. 341; *Bryan v. So. Ry. Co.*, 124 Ala. 297; *Jacobs v. Birmingham R. R. Co.*, 90 Ala. 101; *L. & N. R. R. Co. v. Anchors*, 114 Ala. 492; *Birmingham So. R. R. Co. v. Powell*, 136 Ala. 232; *Ga. Pac. Ry. Co. v. Lee*, 92 Ala. 262; *R. & D. R. R. Co. v. Greenwood*, 99 Ala. 501, 513; *So. Ry. Co. v. Bryan*, 125 Ala. 297-312; *Gothard v. A. G. S. R. R. Co.*, 67 Ala. 114-119.

F. S. WHITE & SONS, *contra*, cited:—*Central Ry. Co. v. Foshee*, 125 Ala. 218; 1 Kinkhead on Torts, §§ 250, 256; *L. & N. R. R. Co. v. Kelton*, 112 Ala. 533; *M. & O. R. R. Co. v. George*, 94 Ala. 199; *Milwaukee v. Kellogg*, 94 U. S. 474; *R. R. Co. v. Armstrong*, 52 Pa. St. 286.

TYSON, J.—This action was brought to recover damages for wrongfully causing the death of Elbert N. Jones, plaintiff's intestate, as the result of a collision between an electric car, of which he was conductor, and a freight train of defendant. The trial resulted in a judgment for plaintiff, from which the defendant prosecutes this appeal.

The three counts of the complaint upon which the cause was tried ascribed his death to the negligence of the defendant's agents or servants in the management of the freight train.

To these counts the defendant interposed the plea of the general issue and two special pleas of contributory negligence. The first of these special pleas alleged, among other things "That the death of the plaintiff's intestate was proximately caused by his own carelessness and reckless disregard of his own safety in this, that, in violation of Section 3441 of the Code of Alabama, the said plaintiff's intestate, who was in charge of the train of the Birmingham Railway, Light & Power Company, failed to cause his train to come to a full stop with-

in one hundred feet of said crossing, or, if such stop was made, that he proceeded across the crossing before he knew the way to be clear, and that in fact the way was not clear, and by reason of said way not being clear, and by reason of the *reckless* conduct of plaintiff's intestate as aforesaid his death was caused."

The second plea alleges a negligent disregard and violation by plaintiff's intestate of an ordinance of the city of Birmingham which made it "The duty of persons in charge of cars on the street railways of said city to cause the same to come to a full stop before crossing at the place at which a street railroad crosses a steam railroad; and after causing such car to come to a full stop it shall be the duty of the conductor to alight from the car and walk across the track in front of the car at those crossings at which no flagman or watchman is regularly stationed."

The first contention urged upon our consideration is that the evidence undisputedly and without adverse inference supported the averments of one or both of these pleas and, therefore, the affirmative charge requested by defendant should have been given.

The collision occurred early in the morning, before daylight. The night was very dark, rain was falling and the wind blowing. The place was at the intersection of the crossing of the tracks of defendant and the street car company, whose tracks cross nearly at right angles to each other. The defendant has two tracks (a side and a main track) at this crossing, covering a space of more than twelve feet. The collision occurred on the main track, which was furthest from the point at which the electric car approached the crossing. There was a structure, consisting of a shed and platform that obstructed the view of those operating the electric car, which would have prevented them from seeing the approaching freight train, had it been properly lighted, until they had gotten on the side track. The place was also near to other railroads, upon which trains were at the time being operated, and to the Sloss furnaces.

The evidence tended to show that the freight train, which was composed of thirteen (13) box cars, was being pushed at a rapid rate of speed by an engine attached

to the end furthest from the crossing, and that it approached the crossing in the dark, without giving signals of warning, and without a light on the end of the box car. That the electric car, before going on the crossing, came to a full stop; that the deceased alighted from it, walked ahead of it to the center of the main track and, after looking in the direction of the approaching freight train, signalled the motorman to cross. In obedience to his signal, the electric car proceeded to cross the tracks and, when the front end of it reached the middle of the main track, the conductor got aboard of it while moving, but before it could cross this track it was struck by a box car attached to the front end of the freight train, knocking the electric car some fifty feet, and producing his death.

The first point relied upon seems to be that these tendencies of the evidence do not afford an adverse inference to the conclusion, as matter of law, that the intestate violated the duty imposed upon him by section 3441 of the Code. It is said, it is hardly possible to conceive that this conductor, charged with the duty of knowing the way to be clear for his car, could not, with the highest possible exercise of diligence, have discovered the approach of the freight train in time to have avoided the collision, at least in time to save himself. Aside from the consideration that the plea characterizes his conduct as reckless and, therefore, necessary to be proven, we do not think it can be declared, as a matter of law, that he was guilty of negligence, on account of a violation of the statute which proximately contributed to his death, but that the determination of that question was for the jury.

In the recent case of *Southern Railway Co. v. Bonner,* in MS., it was said: "By the statute (Code, § 3441) it is provided with reference to engineers and conductors that after stopping and before proceeding to run a train over a railroad crossing they must 'know the way to be clear.' This provision is to be construed as requiring knowledge, not only that the crossing is free from immediate obstruction but free from danger of such obstruction as ought reasonably to be expected. It does not, however, require knowledge 'That the way will con-

tinuously remain clear against all after occurring, extra-
ordinary, unanticipated and unascertainable happen-
ings.'" In that case it was insisted, as here, that the
defendant was entitled to the affirmative charge, because
of a violation of the statute by the engineer who was
killed, and for whose death damages were sought to be
recovered. In that case the engineer did not leave his
engine to see that the way was clear, as did the plain-
tiff's intestate, but remained on it until it was struck.
And, in that case, the only testimony going to show
that the engineer discharged his duty under the statute
was the testimony of the fireman, who stated that his
train came to a stop before going upon the crossing; that
the engineer looked up and down the track and that he,
the fireman, did the same thing, before attempting to
cross; that the way was clear; that they proceeded across
the track and their engine was run into by a car having
no headlight except a lantern fixed in the place usually
filled by the headlight. That there was a string of cars
which somewhat obscured their view before going upon
the crossing; that there were no cars standing upon the
main line track, where the collision occurred, when they
started to cross; that no whistle was blown and no bell
rung by the colliding train; that the night was dark
and that they were proceeding slowly when stricken. On
these facts, this Court held that the question, of whether
the pleas of contributory negligence were sustained, was
proper for the determination of the jury.

In the case under consideration, the way was clear
when the car started, but the danger arose subsequently,
which, under the evidence, the jury was authorized to
find was not reasonably to be expected. For certainly
the intestate was not required, as matter of law, under
the circumstances, to anticipate the negligence of those
in charge of the freight train. He had a right to as-
sume, in discharging the duty imposed upon him by the
statute, that the defendant's agents and servants would
not violate the statute, which imposed the same duty
upon them of knowing their way to be clear; and that
they would not violate the ordinance of the city, imposing
upon them the duty to have a light on the forward end

of the train and to give continuous signals by blowing the whistle or ringing the bell.

This brings us to a consideration of the next insistence. that the second special plea was proven as a matter of law. This contention proceeds upon the theory that the evidence shows, without dispute, that plaintiff's intestate violated the ordinance in not going across the main track, a distance of about two and a half feet from where he stood before signaling his car to proceed; that he only went to the center of that track, on which the collision occurred, while the ordinance required him to "walk across" it.

It may be conceded, for the purposes of this case, that he did not literally comply with the mandate of the ordinance and that he was guilty of negligence in not so doing, yet, we do not think it can be affirmed, as matter of law, that his negligence in this respect proximately contributed to his injury. It cannot be affirmed, with any degree of certainty, that, had he gone beyond the track, he would have discovered the approaching train and, thereby, have avoided the collision; or, on failing to discover its approach, that he would not have been in the position of peril, as he was, after boarding his car. It may be he would have made the discovery, or it may be he would have been in a safe place on his car when the collision occurred, had he walked across the track, but this will not suffice as a predicate for an affirmative instruction. His negligent act, in order to defeat a recovery, must have been the proximate cause of his death, not the remote cause or a mere condition. Proximate cause, as applicable to cases of contributory negligence, is defined to be; "A want of ordinary care upon the part of a person injured by the negligence of another is itself a proximate cause of the injury, making such want of ordinary care contributory negligence on the part of the person injured, when, acting concurrently and in combination with the negligence complained of, such want of ordinary care, in natural and continuous sequence, unbroken by any intervening, independent, efficient cause, results in the injury which but for such want of ordinary care on the part of the person injured.

would not have occurred. But when a person injured by the negligence of another is himself guilty of carelessness or a want of ordinary care which is a mere condition or remote cause of his injury, followed by a subsequent, intervening, independent and efficient cause, to-wit, the negligence of the party complained of, as the true or proximate cause of the injury, such carelessness or want of ordinary care upon the part of the person injured, not being a bar to an action by him to recover for the injuries inflicted upon him, may be spoken of as remote in the chain of causation; that is, a want of ordinary care which, however culpable in itself, did not contribute to the injury as a proximate cause thereof."—7 Am. & Eng. Ency. Law (2nd ed.), 381.

So then, clearly, unless it can be affirmed as matter of law, which it cannot, that the negligence of defendant's agents in charge of the freight train was not the subsequent, intervening, independent and efficient cause of Jones' death, the question of proximate cause was one for the jury.—*Milwaukee Railway Co. v. Kellogg,* 94 U. S. 469, 474.

The charge requested was properly refused.

The only other assignment of error insisted on is the refusal of the trial court to grant the motion for a new trial. This motion was made on the last day of the term, and was heard at a subsequent term. The general order of continuance "That all cases, actions, motions and proceedings pending in this court, not otherwise disposed of at this term of court, be and the same are continued generally until the next term of this court," did not keep the motion alive and the court was without power at the subsequent term to entertain it, against the objection of plaintiff.—*Ex parte Highland Ave. & Belt R. R. Co.,* 105 Ala. 221, and cases there cited.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, J. J., concurring.

To be reported.