# Agee & Co. *v*. Clark.

### New Trial.

(Decided November 26, 1912.   60 South. 640.)

*New Trial; Motion; Time.*—While a motion filed within the thirty days allowed under Local Acts 1888-9, p. 801, has the effect given such motion by section 3240, Code 1907, when made in term time, and while the court has the power either to decide it during term time or to continue it to the next succeeding term, yet where the court does not decide it during the term or continue it to the next succeeding term, the court is without power at the next succeeding term to grant the motion, although the failure to continue may have been the fault of the court.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Gus Clark against Agee & Company. Judgment for defendant and from an order granting plain-

tiff a new trial under the circumstances stated in the opinion, defendants appeal. Reversed and remanded and motion for new trial dismissed.

FRANK S. WHITE & SONS, for appellant. Without either continuing the motion or granting it during the term in which the trial was held, the court at a later term (the next succeeding term) granted the motion. Our insistence is that under the Practice Act for the Jefferson Circuit Court, Acts 1888-9, p. 801, and section 3240, Code 1907, the court was without authority to grant or take any other action relative to the motion. And this is true notwithstanding the failure to continue was the fault of the court.—*Ex parte H. A. & B. R. R. Co.,* 105 Ala. 221; *So. Ry. Co. v. Jones,* 143 Ala. *Pace v. L. & N.,* 52 South. 52. Counsel discuss the merits of the case with citation of authority, but in view of the opinion it is not deemed necessary to set them out.

ARTHUR L. BROWN, for appellee. Counsel discuss the statutes relative to new trials, and insist that the court acted within its power and authority in granting the motion, but he cites no authority to sustain his contention. Counsel discusses the merits of the case with citation of authority, but it is not deemed necessary to here set them out.

WALKER, P. J.—The plaintiff's (appellee's here) motion for a new trial was made and submitted to the court for decision within the 30 days allowed for that purpose by the provision of section 11 of the Act "to regulate the practice and proceedings in civil cases in the circuit court of Jefferson county," etc.—Acts Ala. 1888-89, p. 797. This submission was taken on Decem-

9 CA

ber 10, 1910. The then pending term of the court could not continue beyond the last day of that month, "unless said day falls on a Sunday, then to and including the following Monday."—Code, § 3240. By the terms of the section of the practice act above referred to an application for a new trial, made within the 30 days allowed, has the effect given by the general law to such a motion when made in term time. What that effect is was stated in the opinion in the case of *Hundley v. Yonge,* 69 Ala. 89, which has been followed in subsequent cases.—*Ex parte Highland Avenue & Belt R. Co.,* 105 Ala. 221, 17 South. 182; *Southern Ry Co. v. Jones,* 143 Ala. 328, 39 South. 118.

In the opinion in the first-cited case it was said: "Such motions are not, however, like causes pending in the court in which no final action is had, continued by operation of law, if not decided at the term at which they are made; nor are they kept alive by the mere general order of continuance of all causes and motions not otherwise disposed of, which it is the practice of the court to enter at the close of each term. Unless it appears affirmatively from the record that the motion was made and called to the attention of the court during the term at which judgment was rendered, and by the court continued, it is without vitality at a subsequent term, and the court has not power to entertain it." So it appears that the extent of the court's power in reference to the motion was either to decide it during the term at which it was submitted or by continuing it retain the right to dispose of it at a subsequent term.

In the present case the court did neither of these things, but, without any order of continuance having been made, undertook to grant the motion during the next succeeding term. Following the rulings above referred to, it must be held that, at the time the court

undertook to make the order for a new trial, it was without power to entertain and decide the motion previously made to that end. It follows that the judgment or order appealed from must be reversed; and an order will here be made dismissing the motion. We do not feel warranted in holding that the court retained the power to act on the motion at a subsequent term because the failure to continue it may have been chargeable against the court, and not against the counsel who had in due time submitted his application to the court for action upon it.

Reversed and rendered.