# Shipp, et al. v. Shelton.

### Trespass by Levy on Personal Property.

(Decided June 3, 1915. 69 South. 102.)

1. *New Trial; Motion; Continuance.*—Under ordinary circumstances an order of continuance is necessary to keep a motion for a new trial alive, but this does not apply to an adjourned term which is deemed a part of the regular term.

2. *Same.*—A general order of continuance of all cases and motions not otherwise disposed of does not have the effect to keep a motion for a new trial alive, which was not acted on at the term at which

[Shipp, et al. v. Shelton.]

it was made, and the court may not entertain such motion at a subsequent term against the objection of the adversary party.

3. *Same; Discontinuance; Waiver.*—Where a motion for new trial is heard and continued on its merits, without objection that the court is without authority to hear it for want of an order of continuance, such objection is waived, as is the discontinuance, and the objection cannot be made for the first time on appeal.

4. *Same; Judgment; Effect.*—When a motion for new trial is seasonably made it suspends the judgment, and the judgment does not become final for the purpose of an appeal until the motion is disposed of, and the time within which an appeal from the judgment may be taken begins to run from the ruling on the motion.

5. *Bills of Exceptions; Presentation; Time.*—A bill of exceptions presented to the trial judge within 90 days from the date of entry of judgment on motion for a new trial is presented in time, and will not be stricken so far as it pertains to the motion or the assignments of error made thereon.

6. *New Trial; Motion; Agreement.*—Where parties agreed that the statement of fact in a motion for a new trial was a true statement of the matters and things therein set forth, and that they occurred in the manner and at the time therein stated, it was not necessary to offer evidence in support of the motion.

7. *Charge of Court; Directing Verdict.*—Where the evidence or the inference to be drawn therefrom created a conflict as to a material issue, the court could not properly direct the verdict.

8. *Same; Requisites.*—The court may not assume in its instruction that any fact is proven unless there is evidence to prove it, and then the question of fact must be submitted hypothetically, leaving the jury as the judges of the fact to determine whether the fact is proven, or whether they believe the evidence.

9. *Trial; Jury Question.*—The credibility of parol evidence is for the jury.

10. *Sheriffs and constables; Execution; Wrongful Levy; Issues.*— Where the action was against a sheriff and his official bond for the wrongful levy of an execution on personal property, and there was evidence that the debtor had claimed the property as exempt on the filing of a bankruptcy petition, and that the plaintiff in this action bought the property, and the defendants introduced in evidence a petition of the judgment creditor, to be allowed to subject the bankrupt's exemptions to the satisfaction of its demand, and judgment allowing the creditor to proceed in the state court to reduce its claim to a judgment, and have execution issued thereon, and levy made on the property claimed as exempt, also the summons and complaint and judgment thereon against the bankrupt, there being no exemption as against said judgment, and the sheriff testified that by virtue of the execution issued on such judgment he took possession of the exempt property of the bankrupt and sold it, and that the trustee in bankruptcy pointed out the exempt property of the bankrupt, the question of the liability of the sheriff for trespass on account of a wrongful levy was for the jury, and plaintiff was not entitled to a directed verdict.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by John B. Shelton against Thomas R. Shipp, as sheriff, and his sureties on his official bond, for trespass. There was a judgment for plaintiff, and defendants appealed to the Court of Appeals, and it transferred the case, under Act April 18, 1911 (Laws 1911, p. 450) § 6, to the Supreme Court. Motion to dismiss appeal overruled, and judgment reversed and remanded.

The trespass grew out of the levy of an execution in favor of the Van Vleet-Mansfield Drug Company against P. C. Gaston on personal property belonging to plaintiff, consisting of articles described. It appears from the pleadings that plaintiff bought the stock of goods from P. C. Gaston, and that said Gaston had claimed the same as exempt at the time he filed the petition in the District Court of the United States to be adjudged a bankrupt. The further facts appear in the opinion.

WERT & LYNNE, for appellants.

W. T. LOWE and TENNIS TIDWELL, for appellee.

THOMAS, J.—This is an appeal from the judgment of the circuit court of Morgan county, rendered on the 28th day of October, 1912. The bill of exceptions was presented on January 2, 1914, to the judge who presided at the trial of the cause, and by him signed on April 1, 1914, and the appeal was taken on the 1st day of May, 1914. The cause was submitted on the motion to strike the bill of exceptions on the ground that the bill was not presented to the trial judge within 90 days from the day on which the judgment was entered in the cause (Code 1907, §§ 3019, 3020), and on the motion to strike

the assignment of errors on the ground that the appeal was taken more than 12 months after the rendition of the judgment, and on the merits.

The record shows that a motion for a new trial was filed on the 4th day of November, 1912, and was passed for hearing to December 23, 1912.  On January 3, 1913, the motion was "submitted for decision in vacation, judgment to be rendered of this date," and no action was taken by the court on the motion before the adjournment of the term of the court, and no formal order of continuance to the next term was made.  The next term—the spring term—of this court began on April 14, 1913, and continued in session until October 11, 1913.  On May 23, 1913, an order was made in the cause in the following words:  "Come the parties by their attorneys, and the motion for a new trial in this cause not having been passed on, upon agreement of parties it is hereby ordered and adjudged that the hearing on said motion for a new trial be, and the same is hereby, continued."

And on October 7, 1913, the cause was again submitted for decision on the motion for a new trial, and the new trial was on that day denied.

What, then, was the effect of the final adjournment of the circuit court of Morgan county, without making an order of continuance of the motion to the spring term of the circuit court, that convened on April 14, 1913?  What effect had the continuance by consent on May 23, 1913, and the resubmission for decision of the motion on October 7, 1913, and its refusal on that day?

(1)  Ordinarily, an order of continuance is necessary to keep a motion for a new trial alive when not acted on at the term at which the motion is made.  This does not apply to an adjourned term, which is deemed

a part of the regular term.—*Sou. Ry. Co. v. Jones,* 143 Ala. 328, 39 South. 118; *Ashford v. McKee,* 183 Ala. 620, 62 South. 879; *Agee & Co. v. Clark,* 6 Ala. App. 130, 60 South. 460; *Hundley v. Yonge,* 69 Ala. 89.

(2) The general order of continuance of all causes and motions not otherwise disposed of does not keep the motion alive, and the court was without power at the subsequent term to entertain it against the objection of the plaintiff.—*Sou. Ry. Co. v. Jones, supra; Ex parte Highland Ave. & B. R. R. Co.,* 105 Ala. 221, 17 South. 182; *Hundley v. Yonge, supra.*

(3) In the instant case the plaintiff in the court below did not object to a continuance and then to a resubmission of the motion to the court, but of date May 23, 1913, consented that the motion be continued to the next term, and on October 7, 1913, consented that the motion be submitted to the court for decision.

When a motion for a new trial is heard and determined on its merits, without objection or claim that the court is without authority to hear the same because the record fails to show an order continuing the motion, the discontinuance is waived, and the objection cannot be insisted upon for the first time in this court; this according to many decisions of this court.—*B. R., L. & P. Co. v. Hinton,* 146 Ala. 273, 40 South. 988; *Ala. S. & W. Co. v. Sells et al.,* 168 Ala. 547, 52 South. 921; *McCarver v. Doe ex dem. Herzberg,* 135 Ala. 542, 33 South. 486; *McConnell v. Worns,* 102 Ala. 587, 14 South. 849; *Kennedy v. Pickering,* Minor, 137; 7 Mayfield's Digest, 645.

(4) Motion for a new trial, seasonably made, suspends the judgment. The judgment does not become final for the purpose of an appeal until the motion is disposed of; and the time within which an appeal from

a judgment, after the rendition of which a motion for a new trial has been seasonably made, may be taken, must be considered to begin to run from the date whereon the trial court rules on the motion for a new trial. The new trial being denied on October 7, 1913 the appeal was taken within the time prescribed by the statute.—*Florence Cotton & Iron Co. v. Field,* 104 Ala. 471, 16 South. 538; *Woodward Iron Co. v. Brown,* 167 Ala. 316, 52 South. 829; *Barron v. Barron,* 122 Ala. 194, 25 South. 55; *Hamilton v. Kitchens,* 148 Ala. 385, 41 South. 871.

(5) The bill of exceptions was presented to the judge presiding at the trial of the cause within 90 days from the day on which the judgment was entered on the motion for a new trial.

The questions presented as grounds for the new trial are now presented by the bill of exceptions, and the motion to strike the bill of exceptions, in so far as it pertains to the motion for a new tral or the assignments of error thereon, is overruled.—*Cassell's Mills et al. v. Strater Bros. Grain Co.,* 166 Ala. 274, 281, 51 South. 969; *Cobb v. Owen,* 150 Ala. 410, 43 South. 826; *McCarver v. Herzberg, supra; Bank v. Wilks,* 132 Ala. 573, 31 South. 451; *Ala. Mid. Co. v. Brown,* 129 Ala. 282, 29 South. 548.

(6) By agreement of parties the statement of facts in the motion was a true and correct statement of the "matters and things therein set forth," and they "occurred in the manner and at the time therein stated." It was therefore not necessary to offer other evidence in support of the motion.—*Tobias & Co. v. Treist & Co.,* 103 Ala. 664, 670, 15 South. 914; *Thomas Bros. v. Williams,* 170 Ala. 522, 54 South. 494; *Moneagle & Co. et al. v. Livingston,* 150 Ala. 562, 43 South. 840. The appeal was from the decision of the court overruling the mo-

tion for a new trial.—Code 1907, §2846; *Henry v. Couch,* 132 Ala. 570, 31 South. 463; *Cobb v. Malone,* 92 Ala. 630, 9 South. 738.

(7)　On the trial the court gave to the jury, at the written request of the plaintiff, the charge: "If you believe the evidence, you will find for the plaintiff." The jury, after the submission of the cause to them and deliberation thereon, returned a verdict for defendant. Thereupon the court told the jury that the verdict was contrary to the instructions of the court, and required the jury to "again retire to the jury room and bring in a verdict for the plaintiff," to which action of the court the defendant excepted before the jury retired. After the jury had retired under this instruction of the court they again came into court, and one of the jurors asked the court if his charge meant that they must "find for the plaintiff" even though they did not "believe the evidence." The court replied: "You must believe some of the evidence." The juror then inquired: "Must we find for the plaintiff even though we do not believe a part of the evidence?" to which the court replied: "Yes; you must find for the plaintiff if you believe any part of the evidence." This instruction was duly excepted to by the defendant before the jury retired, and it was urged as error in his motion for a new trial, and is now assigned as error.

In *John v. B. R. Co. et. al.,* 172 Ala. 603, 55 South, 801, the rule is stated that, where there is any evidence or reasonable inference to be drawn making a conflict as to a material issue, the affirmative charge should not be given. In *Tobler v. Pioneer Min. & Mfg. Co.,* 166 Ala. 482, 516, 52 South. 86, 98, Mr. Justice Mayfield declared: "If there is any evidence tending to prove a fact, no matter how slight, the court has no right to take

such question from the consideration of the jury.   *   *
*   It is likewise the exclusive province of the jury to
determine the facts under proper instructions from the
court.   *   *   *   If there be any evidence which tends
to establish the plaintiff's cause, it is error for the court
to withdraw the case from the jury or to direct a ver-
dict, because it is not for the court to judge of the suffi-
ciency of the evidence."

In *Crutcher v. M. & C. R. Co.*, 38 Ala. 579, 584, Chief
Justice Walker declared : "The bill of exceptions informs
us that after the retirement of the jury they were recall-
ed by the order of the court, and that thereupon the
court 'repeated the charge to the jury it had first given,
accompanying the charge with the intimation that their
further deliberations must result in a verdict for the
defendant, else they would subject themselves to the
consequences of a contempt of court.' The charge which
the court first gave was that, if the jury believed the
evidence, they must find for the defendant. This was,
therefore, the charge which was repeated to the jury,
in connection with the menace of punishment, unless a
verdict was found for the defendant.   The court in-
structs the jury that, if they believe the evidence, they
must find for the defendant, and accompanies the in-
struction with an intimation that they will incur the
penalties of contempt if their deliberations did not
result in a verdict for the defendant. The credibility
of the testimony is referred to the jury for their deter-
mination, and they were caused to retire for further
deliberation.   If there was a question for the jury to
determine, their deliberations should have been left
free and uncontrolled.   That there was such a question
is clearly implied from the charge given; and in assum-
ing to control the decision of that question the court
erred."

This ruling was cited with approval in *Davidson v. Woodruff*, 63 Ala. 432, 435, where it is again affirmed that, when a question of fact is involved, dependent on oral testimony, the credibility of the evidence must be referred to the jury; and a charge assuming the credibility of the testimony is erroneous, though it is clear and undisputed.—*Stewart v. Russell*, 38 Ala. 619; *Rigby v. Norwood*, 34 Ala. 132 (2); *Herges v. State*, 30 Ala. 45; *Thompson v. State*, 30 Ala. 28; *McDougald v. Rutherford*, 30 Ala. 253; *Hudson v. Weir*, 29 Ala. 294; *McKenzie v. Branch Bank*, 28 Ala. 606, 65 Am. Dec. 369; *Knights, Adm'r, v. Vardeman*, 25 Ala. 262; *Hollingsworth v. Martin*, 23 Ala. 598; *Whitsett v. Slater*, 23 Ala. 626; *Waters v. Spencer*, 22 Ala. 460; *Brooks v. Moseley*, 22 Ala. 473; *Stokes v. Jones*, 21 Ala. 736; *Bradford v. Marbury*, 12 Ala. 527, 46 Am. Dec. 264; *Huff v. Cox*, 2 Ala. 310.

(8, 9) In the many cases on this point by our court it is uniformly held that the court should not assume that any fact is proved unless there is testimony to prove it, and that then the question of fact should be submitted hypothetically to the jury, leaving them, as the judges of the facts, to say whether such fact is proved or not, or whether or not they believe the evidence, the question of the credibility of parol evidence being for the jury and not for the court.—*Stokes v. Jones, supra; Thomas v. De Graffenried*, 17 Ala. 611; *Costillo v. Thompson*, 9 Ala. 937; *Allen v. Caldwell*, 149 Ala. 298, 42 South. 855.

In *Scott v. State*, 110 Ala. 48, 52, 20 South. 468, 469, after giving the affirmative charge, the court said: "Gentlemen of the jury, all you have to do under this charge is to say, 'We, the jury, find in favor of the state.' "

[Shipp, et al. v. Shelton.]

And it was held that there was manifest error, because the credibility of the evidence was for the jury, and the court thus took away from them the determination of its credibility.

In *Wolf v. Delage,* 150 Ala. 445, 43 South. 856 this court held that, where the evidence is without conflict, the court may instruct the jury that, if they believe the evidence they must find for the plaintiff, but that it is error to add to said charge anything that would indicate what the court thinks they ought to find, since that is invasive of the province of the jury.—*Southern Railway Co. v. Ellis,* 6 Ala. App. 441, 446, 60 South. 407; *Thomas v. Smoot,* 2 Ala. App. 407, 56 South. 1.

(10)    The court committed error in limiting, as it did, the effect of the general affirmative charge as given for the plaintiff.

The defendant introduced in evidence the petition of the Van Vleet-Mansfield Drug Company to be allowed to subject the bankrupt's exemptions to the satisfaction of its demand, together with the bankrupt's contest of this petition and the judgment thereon in the District Court of the United States, allowing the petitioner to proceed in the state court for the purpose of reducing its claim to a judgment, having execution issued thereon, and levy made on the property claimed by the bankrupt as exempt to him, and that the exempt property be withheld until the petitioner shall be able to subject it to the satisfaction of petitioner's demand. This was the procedure authorized in *Lockwood v. Bank,* 190 U. S. 294, 23 Sup. Ct. 751, 47. Ed. 1061, where Mr. Justice White declared that: "The rights of creditors having no lien,  *  *  *  but having a remedy under the state law against the exempt property, may be protected by the court of bankruptcy, since, certainly, there

would exist in favor of a creditor holding a waiver note like that possessed by the petitioner creditor, * * * an equity entitling him to a reasonable postponement of the discharge of the bankrupt in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor."

The defendant then offered in evidence his summons and complaint and the judgment thereon against the bankrupt, in which judgment there were no exemptions allowed, and the testimony of Thomas R. Shipp, the appellant, that as sheriff, under and by virtue of an execution issued on this judgment, against the collection of which there was no property exempt, by a formal and regular levy thereunder, he took possession of the exempt property of the bankrupt, and, after having advertised the same, sold this property, that the trustee in bankruptcy pointed out the exempt properties of the bankrupt, and that he took charge of the same prior to the time plaintiff notified him that he had any claim thereto, but that the plaintiff stood by while the property was being designated by the trustee in bankruptcy and levied on by him, as sheriff, under this execution, and that the appellee made no claim to the property until after the levy was made and the property was in his possession as sheriff, and that he so made return of the levy under the execution to the clerk of the Morgan county law and equity court, as required by law.

Under this statement of fact the affirmative charge should not have been given for the plaintiff suing for a trespass committed by Thomas R. Shipp, as sheriff, in making this levy. The question of fact, and that of the credibility of the witness, should not have been with-

[Erlich, et al. v. Heis.]

drawn by the charge of the court, but should have been submitted to the jury under the inference of the evidence.

The motion of appellee to dismiss the appeal is overruled. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J. and MAYFIELD and SOMERVILLE, JJ., concur.