Welch & Co. v. Central San Cristobal.

## WELCH & COMPANY, Complainant,

*v.*

## CENTRAL SAN CRISTOBAL, Dft.

San Juan, Equity, No. 940.

IN THE MATTER OF PETITION OF GARZOT FOR REHEARING AND MOTION OF CERTAIN PARTIES TO STRIKE THE PETITION FROM THE FILES.

Petition for Rehearing.
> A petition for rehearing filed at a previous term will be struck from the files on motion if the same had not been called to the court's attention and a special continuance thereof ordered.

Opinion filed November 22, 1915.

*Mr. Frank Antonsanti* for petitioner.

*Mr. Charles Hartzell* for receiver.

HAMILTON, Judge, delivered the following opinion:

The point raised for the rehearing is that a certain point of law was not presented by the party at the time, and he seeks to have the opportunity to present it now.

This is a motion virtually for a new trial. It was made at the last term of court, but no special order was made upon it, and the ground of the motion to strike is that it was not continued by the general order to continue the case; so the motion is now made to strike the petition from the files.

Welch & Co. v. Central San Cristobal.

It seems to the court that this point is well taken. The rule seems to be, as to motions for new trials, that they are not continued by the general continuance of the case, if it is made, but must be specially called to the attention of the court, and a special continuance ordered of that particular motion. This has been decided in an Alabama case, not necessarily upon a local statute, but apparently upon principle. Hundley v. Yonge, 69 Ala. 89. It seems to be a proper practice, that the matter must be called to the attention of the court or the adjournment of the court ends it, unless there is a matter of jurisdiction. If the court had erred in a matter of jurisdiction, of course its order would be void anyhow, but that does not seem to be the case here at all.

The motion to strike is granted. It will be unnecessary, therefore, to pass on the petition itself.