(93 South. 213)

## POST v. STATE.  (3 Div. 391.)

(Court of Appeals of Alabama.  June 6, 1922. Rehearing Denied June 20, 1922.)

Criminal law ⬥1095—Bill of exceptions, not filed within required time, stricken.

Where a judgment of conviction was rendered March 22, 1921, a motion for a new trial was filed on April 11, and continued until July 8, at which time a judgment was rendered, overruling the motion, and a bill of exceptions was presented to the presiding judge on September 6, the bill of exceptions as to the original judgment must be stricken, and can only be considered in connection with the appeal overruling the motion for a new trial.

Appeal from Circuit Court, Autauga County; B. K. McMorris, Judge.

H. T. Post was convicted of violating the prohibition law, by possessing a still for the manufacture of whisky, and he appeals. Affirmed.

C. E. O. Timmerman, of Prattville, for appellant.

Counsel discusses the validity of the indictment, but does not discuss the matters decided.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The judgment of conviction was rendered March 22, 1921. A motion for a new trial was filed April 11, and regularly continued until July 8, 1921, at which time a judgment was rendered overruling the motion. The bill of exceptions was presented to the presiding judge on September 6, 1921. The bill of exceptions as to the original judgment must be stricken, and can only be considered in connection with the appeal from the judgment overruling the motion for new trial and questions embraced therein. Massey v. Pentecost, 206 Ala. 411, 90 South. 866; Shipp v. Shelton, 193 Ala. 658, 69 South. 102.

The first four grounds assigned in the motion for new trial question the sufficiency of the evidence as applied to the law of the case. There was ample evidence to warrant the jury in returning a verdict of guilty, and therefore these grounds are not well taken.

There is nothing in the record to indicate that the witness Wilson, who testified for the state, was not present, or that he was not testifying to the truth.

We find no error in the record, and the judgment is affirmed.

Affirmed.