180 So. 257

## ROCHELLE v. LIDE.

### 3 Div. 244.

Supreme Court of Alabama.

March 24, 1938.

Rehearing Denied April 21, 1938.

Thos. B. Hill, Jr., and Wm. Inge Hill, both of Montgomery, for appellant.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellee.

KNIGHT, Justice.

The complaint, at the time the cause went to the jury, consisted of six counts. Counts 1 and 2 allege negligence generally; count 1 being for personal injury, while count 2 is for injury to plaintiff's automobile. Counts 3 to 6, both inclusive, added by way of amendment, pleaded the violation of an

ordinance of the city of Montgomery, "prohibiting automobiles (and other vehicles) from crossing from one side of a street to the other, or turning, except at an intersection, on a street in a business district, business district being defined by another ordinance as, the territory contiguous to a highway when 50% or more of the frontage thereon for a distance of 300 feet or more is occupied by buildings in use for business."

The last four counts set up separately the alternative violations of the ordinance, viz.: (1) Crossing from one side of the street to the other; and (2) turning except at an intersection.

The first section of said ordinance is in the following language: "That on and after the passage of this ordinance it shall be unlawful for any automobile, motorcycle, bicycle, wagon or other vehicle, or a ridden animal, within the business district of the City of Montgomery as defined by Section 681(k) of the Code of Ordinances of the city of Montgomery of 1928, to cross from one side of a street to the other, or turn except at an intersection of the street."

Section 681(k) of the Code of Ordinances of the City of Montgomery of 1928, is in the following language: "Business Districts: The territory contiguous to a highway when fifty per cent or more of the frontage thereon for a distance of three hundred feet or more is occupied by buildings in use for business."

We have copied these ordinances from the four added counts of the complaint.

There was no demurrer to counts 3 to 6, inclusive, challenging the validity of the ordinances alleged to have been violated by the defendant in said counts. Nor does the appellant, defendant in the court below, make any suggestion in brief that the ordinance, attempting to define a business district, is invalid by reason of its indefiniteness or uncertainty. It is, of course, a fundamental requirement that ordinances must be definite and certain in prescribing a rule of action.

It is generally recognized that a municipality has the power to create, establish, and define business and residential districts. According to the great weight of current authority, the municipality may do this under its police power, a power which is always responsive, in the interest of the common welfare, to changing conditions and developing needs of growing communities. 43 Corpus Juris, § 364, p. 335.

Inasmuch as counsel have treated the ordinance as valid, we will do likewise, without committing this court, one way or the other, on the question.

Under the evidence, as respects counts 1 and 2, the question of the negligence of the defendant, as well as the contributory negligence of the plaintiff, were questions for the jury.

Several of the plaintiff's witnesses testified to facts which tended to show that the place where the accident occurred was within a business district as defined by section 681(k) of the Code of Ordinances of the city of Montgomery. The witnesses offered by the defendant and examined in its behalf gave no testimony in that regard whatever. So the only testimony touching this particular question was given by witnesses examined by the plaintiff. The testimony on this point was, of course, oral.

To recover under any one of the last four counts of the complaint, the burden was upon the plaintiff to prove the existence of the ordinances, and that the defendant violated the provisions thereof, and that as a proximate consequence the plaintiff suffered the injuries to his person and property as averred in said counts.

We may well assume, for the purposes of this case, that the plaintiff's evidence was such as to entitle him to the affirmative charge, with hypothesis, that the place where the accident occurred was within a business district of said city, but, as pointed out above, the burden of proof was on the plaintiff, and the testimony was oral. In such cases, the court is not justified in withdrawing from the jury the question of the credibility of the witness. Shipp et al. v. Shelton, 193 Ala. 658, 69 So. 102; Penticost v. Massey, 201 Ala. 261, 77 So. 675; Alabama Power Co. v. McGehee, 228 Ala. 505, 154 So. 105; Commonwealth Life Ins. Co. v. Barr, 218 Ala. 505, 119 So. 11; Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257; Dorough v. Alabama Power Co., 200 Ala. 605, 76 So. 963. Indeed, in such cases, the defendant would have the right to argue to the jury the issue of the credibility of the witnesses. Byars et al. v. Alabama Power Co., 233 Ala. 533, 172 So. 621; Dorough v. Alabama Power Co., supra.

It therefore follows that the court committed error in giving at the request of the plaintiff the following charge: "I charge you that as a matter of law, the place at which this accident occurred was a

business district as defined by Section 681(k) of the Code of Ordinances of the City of Montgomery of 1928."

Whether more than 50 per cent. of the frontage on the named street, for a distance of 300 feet or more, was then occupied by buildings in use for business, depended upon the oral testimony of plaintiff's witnesses, and, under our rule, the credibility of such testimony was for the jury, and not for the court to assume.

For like reason, the court committed error in giving, at the request of the plaintiff, written charges 3 and 4.

For the errors pointed out, the judgment of the circuit court must be reversed and the cause remanded, for another trial in conformity to the views above expressed.

Reversed and remanded.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.