1 So.2d 16
**WEBB v. ALABAMA GREAT SOUTHERN R. CO.**

6 Div. 824.

Supreme Court of Alabama.
March 20, 1941.

F. F. Windham, of Tuscaloosa, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

THOMAS, Justice.

The court gave the affirmative charge for defendant and appellant requested the privilege of arguing to the jury the effect and credibility of the evidence. This request was denied. Hence the appeal.

An examination of the appellant's brief reveals the insistence that a jury question was presented under our decisions. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

In Byars v. Alabama Power Company, 233 Ala. 533, 172 So. 621, 623, it is said:

"If, however, the plaintiff made out a prima facie case, and the defense of contributory negligence was dependent upon oral testimony, the credibility of the evidence must be referred to the jury, and the court could not direct a verdict for the defendant, thus assuming the credibility of the exculpatory evidence, though such evidence was clear and without dispute. Shipp et al. v. Shelton, 193 Ala. 658, 69 So. 102; Sherrill v. Merchants' & Mechanics' T. & S. Bank, 195 Ala. 175, 70 So. 723; Scott v. State, 110 Ala. 48, 20 So. 468; Lawson v. Mobile Electric Co., 204 Ala. 318, 85 So. 257; Dorough v. Alabama Power Co., 200 Ala. 605, 76 So. 963.

"And in such circumstances counsel have the right to argue to the jury the issue of the credibility of the witnesses. * * *"

See the same case reported as Alabama Power Co. v. Byars, 236 Ala. 79, 181 So. 270, and Rochelle v. Lide, 235 Ala. 596, 180 So. 257.

■ We prefer to rest the reversal of this case on the giving at request of defendant of the general affirmative charge. Upon an examination of the whole record, and under the rule that obtains, we hold that there were material conflicts in the evidence, or reasonable inferences deducible therefrom that warranted the submission of the facts to the jury.

For the giving of the affirmative instruction requested by the defendant, the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.