JOEL WHEELER et al., Appellants, *v.* CHARLES A. SWEET et al., Respondents.

Where upon return of a jury into court for further instructions the trial court, in the absence of plaintiffs and their counsel, instructed them erroneously, adverse to plaintiffs, upon a material point, *held*, that the error was available upon appeal, without an exception.

A motion for a new trial was made before judgment, upon a case and exceptions, in which the proceeding in question was set out in full. An order was made denying the motion; judgment was then entered and plaintiffs appealed both from the judgment and the order. Both were affirmed by the General Term and plaintiffs appealed to this court from both the judgment and the order of affirmance. *Held*, that the question was reviewable here either on the appeal from the order or from the judgment. (Code Civ. Pro. § 190.)

*Williams* v. *Montgomery* (60 N. Y. 648); *Lawrence* v. *Bainbridge* (56 id. 72); *Gale* v. *N. Y. C. & H. R. R. R. Co.* (76 id. 594); *Howell* v. *Mills* (53 id. 322), distinguished.

A sheriff who has taken a bond of indemnity against any judgment obtained against him, by reason of his levying upon and selling property on execution, may not, when sued by a third person for an act to which the indemnity extends, by collusion with the plaintiff deprive the indemnitors of the opportunity to present and have tried the question as to the sheriff's liability, and where he intentionally and in bad faith prevents the indemnitors from presenting a defense not frivolous and interposed in good faith, he cannot afterwards avail himself of a judgment against him in that action as a ground of recovery upon the bond.

While *it seems* a judgment against the sheriff obtained in due course, without fraud or collusion, fixes the liability of the indemnitors, although they were not made parties and had no notice of the action, good faith requires the sheriff, if requested, to give the indemnitors a right to present any defense, and if this is refused, or prevented by his act, he may

not claim that they have not been injured or that the judgment determines their liability.

(Argued March 3, 1893; decided March 14, 1893.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered upon an order made the second Monday of October, 1891, which affirmed a judgment in favor of defendants, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought by plaintiffs as assignees of an indemnity bond given by defendants to William W. Lawson, as sheriff of Erie county, by its terms indemnifying him against any judgment obtained against him for levying upon and selling property under execution against one Edson D. Shoemaker, issued upon a judgment recovered against him by the Third National Bank of Buffalo. Plaintiffs claim under a chattel mortgage executed to them by Shoemaker. They obtained a judgment in an action for conversion against Lawson and his administrator. The bond in suit was thereupon assigned to them by said administrator.

The further material facts are stated in the opinion.

*Spencer Clinton* for appellants. There was no evidence that this judgment was recovered by fraud. (*People* v. *Cook*, 8 N. Y. 51; 1 Story's Eq. Juris. § 186; *Verplanck* v. *Van Buren*, 76 N. Y. 247; *Ross* v. *Wood*, 75 id. 8; *Ward* v. *Town of Southfield*, 102 id. 287.) The court erred in instructing the jury erroneously in the absence of counsel for the parties. (*W. B. & L. Co.* v. *Mix*, 51 N. Y. 558.) This case was tried by the judge upon a theory incompatible with any known rule of law. It was that a judgment regularly obtained after a full and fair trial between the original parties might be set aside by a jury, if a series of acts, innocent in their nature and not effective as a means of fraud, should be by them adjudged to indicate that the parties had made a fraudulent compact to procure the judgment. (*Schultz* v. *Hoagland*, 85 N. Y. 464; *Bernheimer* v. *Rindskopf*, 116 id. 428.)

*Adelbert Moot* for respondents. The judgment relied on by plaintiffs as a breach of defendants' bond, being founded on consent, where there was no legal liability, is not a breach of defendants' bond, and the plaintiffs cannot recover in this action. (*Peck* v. *Ackin*, 20 Wend. 605; *Thompson* v. *Van Vechten*, 27 N. Y. 568; *Stewart* v. *Beale*, 7 Hun, 416; *Dutcher* v. *Swartwood*, 15 id. 33; *Stimson* v. *Wrigley*, 86 N. Y. 332; *Mandeville* v. *Avery*, 124 id. 376.) Allen, the general assignee, having recovered a judgment against Lawson for the conversion of the identical property the plaintiffs claimed under possession based on a void mortgage, or possession which plaintiffs claim was given them by Allen, as assignee, plaintiffs could not buy this Allen judgment and then recover another judgment against the sheriff for the same sale of the same goods, but the Allen judgment is a bar to any subsequent judgment in favor of the plaintiffs. (*Mandeville* v. *Avery*, 124 N. Y. 382; *Wheeler* v. *Lawson*, 103 id. 40; *Merritt* v. *Lyon*, 3 Barb. 110; *Demick* v. *Chapman*, 11 Johns. 132; *Hurd* v. *West*, 7 Cow. 752.) The judgment in question is no breach of defendants' bond, because it is a collusive judgment. (Code Civ. Pro. § 765; *Mandeville* v. *Reynolds*, 68 N. Y. 528; 1 Black on Judgements, § 290; *M. E. R. Co.* v. *M. R. Co.*, 14 Abb. [N. C.] 103; *Webster* v. *Reid*, 11 How. [U. S.] 437; *Gaines* v. *Relf*, 12 id. 539; *Moses* v. *McDivitt*, 88 N. Y. 62; *Coleman* v. *Burr*, 93 id. 17; *Roberts* v. *Vietor*, 130 id. 585–600.) The defendants received no consideration for executing the bond executed by them, and it having been executed over a year after the sheriff had levied on the property in question and sold it, and over a year after the sheriff had been indemnified by other parties for so doing, and over a year after the sheriff had been sued by the Wheelers for this property, the lack of consideration to support the undertaking of the defendants on this bond is fatal to this action. (*Vanderbilt* v. *Schreyer*, 91 N. Y. 392; *Ayres* v. *C. R. I. & P. R. Co.*, 52 Iowa, 478; *Webber* v. *Blunt*, 19 Wend. 188; *Richardson* v. *Crandall*, 48 N. Y. 360; *Morton* v. *Campbell*, 14 Abb. Pr. 414; *Tolles* v. *Adee*, 84 N. Y. 222; 91 id. 562.)

The court fairly and fully charged the jury as to the law bearing upon collusive judgments, and as to the facts of the case. (*Caldwell* v. *N. J. S. Co.*, 47 N. Y. 282; *Losee* v. *Buchanan*, 51 id. 492; *Bank* v. *Westcott*, 118 id. 473; *Loeb* v. *Kellman*, 83 id. 601.)

ANDREWS, Ch. J. We think the judgment and the order refusing to grant a new trial must be reversed for the reason that the trial judge, on the return of the jury into court for further instructions, erroneously and in the absence of the plaintiffs and their counsel instructed them that the question as to the validity of the chattel mortgage under which the plaintiffs claimed title to the property taken by the sheriff on the execution in favor of the Third National Bank, was not material for their consideration in the disposition of the case. It obviously was a fact of great importance as bearing upon the defense that the judgment obtained by the plaintiffs in the action against Bartholmy, the administrator of the sheriff, was collusive and fraudulent.

It was properly conceded by the counsel for the defendants on the argument, that this instruction was erroneous. But it was urged that, in the absence of an exception, the error was not available for the reversal of the judgment. In the case of *Watertown Bank & Loan Co.* v. *Mix* (51 N. Y. 558), it appeared that the judge, after the jury had been charged and had retired for consultation, returned an answer in writing to a written inquiry by the jury upon a material point, prejudicial to the plaintiff, and without the knowledge or consent of the plaintiff, or of its counsel. Subsequently, the plaintiff moved the judge at Special Term to set aside the verdict and grant a new trial for this error, which motion was granted. The defendant appealed to the General Term from the order of the Special Term, setting aside the verdict and granting a new trial, and the order was there reversed. The plaintiff thereupon appealed to this court from the order of reversal, and this court reversed the order of the General Term and affirmed the order of the Special Term, and upon the point of juris-

diction determined that the order was appealable to this court on the ground that it affected a substantial right in a matter not resting in discretion. The opinion of JOHNSON, J., contains a clear and satisfactory statement of the reasons upon which the court proceeded, and we entertain no doubt of the soundness of the conclusion reached. This case is decisive of the present appeal upon the point taken, unless a distinction arises upon the form in which the question is presented. In the present case, a motion for a new trial was made before judgment upon a case and exceptions, in which the proceeding in question was set out in full. What particular grounds were urged in support of the motion do not appear. An order was made denying the motion, and on judgment being entered on the verdict, the plaintiffs appealed both from the judgment and order to the General Term of the Superior Court of Buffalo, in which court the action was brought. The General Term affirmed the judgment and order and the appeal here is from both the judgment and order of affirmance.

We are of the opinion the question may be reviewed here either upon the appeal from the order refusing to grant a new trial under subdivision 2 of section 190 of the Code of Civil Procedure, or upon the appeal from the judgment. We perceive no substantial distinction as to the appealability of the order between the case cited and the case in 51 N. Y. The fact that the motion in that case was confined to the specific ground of error of the trial judge in the particular matter, makes no difference in principle. The same question with others was presented upon the case and exceptions, upon which the motion for a new trial in this case was made, and it must be assumed that it was passed upon by the judge in denying the motion. But independently of the order we are of the opinion that an appeal from the judgment presents a reviewable question in this court, founded upon the erroneous proceedings of the trial judge. There can be no doubt that the judge in assuming to further instruct the jury in the absence of the plaintiffs and their counsel, in a matter material to and adverse to their interests and plainly erroneous and prejudicial, committed an

error of law. The proceeding appears upon the face of the record. It was a matter occurring in the course of the trial. The plaintiffs had no opportunity to interpose a formal exception. Under such circumstances we think the party injured may on appeal from the judgment raise the question, as though a formal exception had been interposed. The protection of an important right requires that the court in the interest of justice should take notice of the error. The cases in which it has been held that relief against the misconduct of jurors, or referees, or parties not appearing upon the record, in matters arising *in pais* and presented by affidavits, must be applied for and obtained in the court of original jurisdiction, and that orders made in such cases are not reviewable here, depend upon different considerations. The nature and extent of the misconduct and how far it affected the proceedings, is examined by the court in which it occurred and the orders made in such cases are regarded as discretionary, and as not presenting strictly legal questions. (*Williams* v. *Montgomery*, 60 N. Y. 648; *Lawrence* v. *Bainbridge*, 56 id. 72; *Gale* v. *N. Y. C., etc., R. R.*, 76 id. 594; *Howell* v. *Mills*, 53 id. 322.)

The only question on the merits presented by this record of which we can take notice, aside from the one just considered, relates to the defense that the judgment obtained by the plaintiffs against Bartholmy, the administrator of Lawson, the sheriff, was collusive. The other defenses relied upon at the trial were either overruled by the court or were not considered, and we cannot consider them for the purpose of sustaining the judgment of the respondents. On the new trial these defenses will be open for litigation and may then be determined. The judgment recovered January 8, 1889, by the plaintiffs against Bartholmy, Admr. of Lawson, was relied upon by the plaintiffs in the complaint and on the trial as concluding the defendants as to the existence and extent of their liability on their bond of indemnity to the sheriff. The bond bound them to indemnify the sheriff against any judgment which might be obtained against him by reason of his levying upon and sell-

ing the property under the executions in favor of the Third National Bank. The recovery of a judgment against the sheriff by the plaintiffs, for taking and selling the property levied upon, obtained in due course, and without fraud or collusion, would fix the liability of the indemnitors, because by their contract they made themselves privy to any action brought against the sheriff for that cause, although they were not parties in fact to the litigation, and even although they had no notice of the action, and on the recovery of the judgment they would become immediately liable to the sheriff on the bond for the amount of the judgment so recovered before satisfaction. (*Gilbert* v. *Wiman*, 1 Comst. 550, and cases cited; *Douglass* v. *Howland*, 24 Wend. 53; *Casoni* v. *Jerome*, 58 N. Y. 315.) The plaintiffs here, as assignees of the bond, stand in the place, and upon the right of the sheriff. Whatever defense the defendants would have had if the sheriff or his administrator had retained and sued upon the bond they have against the plaintiffs, who have merely succeeded to his right If the judgment obtained by the plaintiffs against Bartholmy as administrator, would not have bound the indemnitors, if the action had been brought by the administrator, it does not bind them in the present action. It was an implied condition of this bond that the sheriff should act in good faith, and not permit or suffer a collusive judgment to be obtained against him, with a view to bring upon the indemnitors a liability within the words of the bond, when there was no rightful claim made against him, or any claim which would stand against an honest defense.

The only judgment to which the defense of collusion properly relates, is the judgment of January 8, 1889. The prior judgment of January 3, 1888, was vacated before the commencement of the action. The circumstances connected with the obtaining of that judgment are unimportant, except so far as they tend to throw light upon the motives of the parties to the judgment of January 8, 1889. In other words, if the former judgment was collusive or fraudulent, that of itself does not affect the subsequent judgment and make that collusive

also. The facts in respect to the prior judgment may give significance to the acts and transactions resulting in the later judgment, and only such prior facts as were relevant for this purpose were admissible. We express no opinion as to the alleged fraud or collusion in procuring the judgment of January 8, 1889, or in respect to the subsequent proceedings tending to prevent a review of the judgment. This will necessarily be the subject of another investigation by the court and jury.

It is claimed by the counsel for the plaintiffs that the plaintiffs were entitled to the charge requested by him, " that unless there was a good defense to the action brought by the plaintiffs against Lawson, the defendants were not entitled to recover." The court denied this request, but charged in substance that if the defense was made in good faith, and was meritorious, then if Lawson, by collusion with the plaintiffs, prevented the trial of the issues, and suffered judgment, the judgment did not conclude or bind the indemnitors.

It is to be observed that this action is not brought to set aside the judgment against the estate of Lawson. The validity of that judgment between the parties to it is not assailed. The indemnitors had been permitted by the sheriff to defend the action brought by the plaintiffs against him, and their attorneys had interposed several defenses, and the questions were stoutly litigated before the referee, and although judgment passed for the plaintiffs, an appeal was taken by the indemnitors in the name of the sheriff. The questions raised by the defenses were not frivolous. While the matter was in this situation, by arrangement between the plaintiffs and Bartholmy, the administrator of Lawson, the judgment of February 3, 1888, was vacated, a new attorney was appointed by Bartholmy, the case was referred to the same referee to hear and determine the case on the evidence taken on the former trial, and a new report and judgment entered for the plaintiffs. The vacation of the judgment and all the subsequent proceedings referred to, took place on one day, January 8, 1889. It is doubtless true that it is the general rule that

acts which work a discharge of a surety must be legally injurious or inconsistent with his legal rights. (*Clark* v. *Sickler*, 64 N. Y. 231.) But here the indemnitors do not rely upon the acts relating to the manner of obtaining the judgment, as a discharge of their liability on the bond. They simply insist that a judgment so obtained does not establish a breach of the bond. It is certainly reasonable that a sheriff who has taken a bond of indemnity should not by his collusive act deprive the indemnitors of the opportunity to present and have tried and determined in the ordinary course of judicial proceeding, his liability when sued by third persons for an act to which the indemnity extends, and where the sheriff intentionally and in bad faith prevents the indemnitors from presenting a defense interposed in good faith, and which is not frivolous, we are of opinion that he cannot afterwards avail himself of a judgment obtained in that action, as a ground of recovery on the bond. The law is extremely jealous of the rights of all who are not parties to an action, where it is sought to bind them by the judgment therein. (COWEN, J., *Douglas* v. *Howland, supra.*) The proper time to try the question of the sheriff's liability is in the action brought against him. The investigation of the question collaterally in an action on the bond would be attended with difficulties. We think good faith and fair dealing require that a sheriff, if requested, should give the indemnitors a right to present any defense in the action against the sheriff, and that if this is refused or prevented by his act, he cannot say that the indemnitors have not been injured or that the judgment determines their liability.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.