(36 Misc. Rep. 68.)

### CITY OF NEW YORK v. BAIRD et al.

(Supreme Court, Trial Term, New York County. October, 1901.)

INDEMNITY—RELEASE.

    A city against which and its contractor a judgment had been rendered, after a trial on the merits, in favor of plaintiff, for personal injuries, because of the negligence of the contractor in failing to guard an excavation, compromised its liability on the judgment in good faith after an appeal taken therefrom, the contractor also having appealed. The compromise was against the protest of the contractor, and made with intent on the part of the city to enforce it and hold the contractor liable under an indemnifying bond given by him on entering into the contract. *Held,* that the act of the city discharged its indemnitors, so that it could not recover against the sureties on the bond.

Action by the city of New York against William P. Baird and the Fidelity & Deposit Company· of Maryland. Verdict directed for plaintiff. Motion for new trial. Granted.

J. Woolsey Shepard (L. Laflin Kellogg, of counsel), for the motion.

John Whalen, Corp. Counsel (Charles Blandy and Arthur Sweeny, of counsel), opposed.

GIEGERICH, J. This action is brought to recover the sum of $10,000 upon a bond given by the defendants, as principal and surety, respectively, to indemnify the plaintiff against any judgment which might be obtained by one Thomas Kelly against the plaintiff for personal injuries claimed to have been sustained by Kelly through falling into an unguarded and unlighted excavation which had been made by the defendant Baird in performance of work under a contract between him and the plaintiff for furnishing and laying water mains in Fifth avenue, in the city of New York. Kelly filed his

claim for $50,000 for such damages with the proper officer of the plaintiff, and thereupon the comptroller refused to pay to Baird the sum of $25,136.10,—an installment which would otherwise have been then due under the said contract. Thereafter Baird, both personally and through his representatives, attempted to overcome the objections of the plaintiff's officers, the comptroller, and the corporation counsel, and to secure the payment of such installment, and finally succeeded in obtaining their consent to receive the bond in suit, and to release and pay over that installment. Thereafter Kelly began an action against the plaintiff and the defendant Baird, and obtained a verdict of $22,000, which, with costs and allowances, amounted to $22,553.63, for which amount judgment was entered against the city and Baird. At this trial, which was stubbornly contested, both the city and Baird were represented by counsel, who took part in the defense, and who agreed after the trial that the judgment could be reversed on appeal because of errors committed. An appeal was accordingly taken by both the city and Baird, and a case was prepared and noticed for settlement. In the meanwhile, however, negotiations were had between the representatives of Kelly and the city, and as a result a compromise was made by which the city paid Kelly the sum of $17,500 in full satisfaction of said judgment as against the city, but not as against Baird. Notice of such settlement was served upon Baird and his codefendant in the present action, and demand was made upon each of them for the payment of the $10,000 specified in the bond. Upon the trial, after the direct examination of the first witness for the defendants, cross motions were made for a direction of a verdict and for a dismissal of the complaint, respectively, which latter motion was denied, and the former granted, subject to a motion for a new trial. A motion was thereupon made for a new trial, and upon such motion the matter now comes before me.

Various reasons are urged on behalf of the defendants why a recovery cannot be had. The first and principal objection so urged is that the settlement of the judgment in favor of Kelly being made without the consent of the defendants, and against the protest of the defendant Baird, and the failure to prosecute the appeal that had been undertaken, operated to discharge their liability upon the bond. My first impression was adverse to this contention, and that this case was distinguishable from those where it has been said that indemnitors would be exonerated under similar circumstances. Wheeler v. Sweet, 137 N. Y. 435, 33 N. E. 483; Foo Long v. Surety Co., 146 N. Y. 251, 40 N. E. 730. The ground of this assumed distinction was that here the indemnity was not complete, but partial only,—the bond being for less than half the amount of the judgment, and in fact for many thousand dollars less than the amount compromised for,—and that consequently the one indemnified, under such circumstances, ought to be allowed as much discretion in the settlement of the litigation as the indemnitors. Taking this as the situation, and the evidence being that the plaintiff believed that, while a reversal might be had upon technical grounds,

nevertheless upon a new trial a recovery in as great, if not greater, amount might be had upon a proper presentation of the case, the settlement was to be viewed as an exercise of discretion upon sufficient grounds to bind the defendants. The fact is, however, that the plaintiff in this case does not concede its ultimate liability for any part of the judgment, but has instituted an action against the defendant Baird to recover the amount in suit, as well as for the remaining $7,500 upon the·original contract under which the excavating was undertaken; there being in such contract a provision that the contractor would hold the city harmless from all claims of this character. Such being the fact, it would seem that this case should be decided as though the bond had been in an amount as large as the sum paid in compromise, and should be classed with those cases where the bond has been one of full liability, instead of one of partial liability, as at first blush appeared to be the fact here. That the city's representatives had ample notice of Baird's desire to contest this claim to the court of last resort is abundantly proven. During the early negotiations between the comptroller and Baird's attorney the latter stated to the comptroller that they intended "to fight Kelly's claim to the finish," and "to take the case as far as they could go with it." This·was before the trial, and in fact before the giving of the bond. After the trial there were repeated communications between Baird's attorney and the corporation counsel, in which the former protested against any settlement and insisted that the appeal should be prosecuted. Under such circumstances it would seem that the parties ultimately liable for the entire amount are those whose views as to the proper and most advantageous course to be pursued should prevail. That the views of Baird's representative were the sounder, at least as the event has proved, seems to be conceded in the contention which is made in the plaintiff's supplemental brief, namely, that in order to recover upon the original bond, which was conditioned to save the city harmless in case of its sustaining any damage by reason of the default or negligence of Baird in his performance of his contract, it will be necessary to again prove the Kelly case, to establish the contractor's negligence (Mayor, etc., v. Brady, 151 N. Y. 611, 45 N. E. 1122); and, in arguing the hardship to the city of being dismissed in this action, it is pointed out that Kelly has since died, and that the witnesses are scattered, and that there will be risk and uncertainty in what will practically amount to a retrial of the Kelly case. All these are considerations that doubtless had weight with the said defendant's attorney when he originally protested against a settlement and insisted on the appeal; but the plaintiff then disregarded or overruled these objections and persisted in the settlement, and ought not now to be allowed to avail itself of them. The motion for a new trial should therefore be granted.

   Motion granted.