SUTHERLAND v. ST. LAWRENCE COUNTY.

(Supreme Court, Appellate Division, Third Department. March 21, 1905.)

1. MOTION FOR NONSUIT—SPECIAL VERDICT—APPEAL—JUDGMENT.
    Under the express provisions of Code Civ. Proc. § 1187, where a special
    verdict is taken, and the decision of a motion for nonsuit reserved, on
    appeal to the Appellate Division it may direct such judgment on the
    special verdict as either party may be entitled to.

2. SAME—REVIEW ON APPEAL.
    Where a motion for nonsuit was decided after the conclusion of the
    trial, and evidenced by an order formally entered, when there was no op-
    portunity to take exception, the appellate court will review the judg-
    ment as though a formal exception had been interposed.

Action by William Sutherland, as administrator with the will an-
nexed of Clara Loraine Richardson, deceased, against St. Lawrence
county. On motion for reargument. Motion denied.
    For former opinion, see 91 N. Y. Supp. 962.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

Abbott & Dolan, for the motion.
Ledyard P. Hale, opposed.

PER CURIAM. The trial court reserved the decision of defend-
ant's motion for a nonsuit, as permitted by section 1187 of the Code
of Civil Procedure, submitting to the jury the specific question as
to whether the money in question deposited in lieu of bail came
from and was a part of the estate of Clara Loraine Richardson, de-
ceased. The jury answered the question "Yes," and fixed the
amount to which plaintiff was entitled, in case the motion for a
nonsuit should not be granted, at $1,115.37. The court subsequent-
ly, by order entered, denied the defendant's motion for a nonsuit, and
judgment was entered for plaintiff for the amount fixed by the jury.

By the provisions of section 1187, on appeal from the judgment,
where a special verdict is taken and the decision of motion for
nonsuit reserved, this court may direct such judgment on the special
verdict as either party may be entitled to. In our view of the case,
the defendant, on all the facts, was entitled to judgment notwith-
standing the special verdict, and conceding its correctness. Because
of the fact that the plaintiff might be able to show further facts

which might change the rights of the parties, we deemed proper to grant a new trial, instead of directing judgment absolute for the defendant. Of this the plaintiff at least cannot complain. The rule sought to be invoked as to motion for new trial and exception as a reason for reargument does not apply. The motion for nonsuit was decided after the conclusion of the trial, and was evidenced by an order formally entered at a time when there was no opportunity to take an exception. Under such circumstances the court will review the judgment as though a formal exception had been interposed. Wheeler v. Sweet, 137 N. Y. 439, 440, 33 N. E. 483.

The motion is denied.