## BOARD OF COM'RS. OF NATRONA COUNTY v. CASPER NAT. BANK

## SAME v. WYOMING NAT. BANK

(Nos. 2132, 2133; December 12, 1939; 96 Pac. (2d) 564)

For the defendants in error, in support of motions, there were briefs by *G. R. Hagens, R. H. Nichols, E. E. Enterline, C. M. Crowell* and *H. B. Durham,* and oral arguments by *Messrs. Hagens & Enterline.*

146

For the plaintiff in error, there were briefs and oral argument by *Vincent Mulvaney* of Casper.

RINER, Chief Justice.

These causes are before the court at this time upon the motions of the several defendants in error to affirm the judgments or dismiss the petitions in error and the proceedings instituted thereunder. The grounds of the motions being the same they will be considered together. The arguments had and briefs submitted were in large measure devoted to the proposition that this court is without jurisdiction to review the judgments rendered by the district court of Natrona County, Wyoming, and appearing in the records presented here, because, as disclosed thereby, said judgments "were entered in favor of the defendants in error in said causes, respectively, by the said District Court on the 23rd day of November, 1938, and that the motions for new trials interposed by the plaintiffs in error were not determined until the 27th day of January, 1939, more than sixty days after the entering of the judgments by the said District Court"; that the hearings on said motions for a new trial were not continued by orders of said district court or by stipulation, and that the only assignments of error made by plaintiffs in error are the overruling of the motions for a new trial. Since the jurisdiction of the court is thus drawn in question we deem it best to consider that ground of the several motions first.

. The contentions of the parties regarding these matters center upon the effect to be given Chapter 112, Laws of Wyoming, 1935, entitled "An Act in regard to motions for new trials in a District Court and providing for procedure to be followed so as to avoid unnecessary delay," and reading:

"Motions for new trial shall be determined within sixty days after the rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation";

in connection with Rule 13 of this Court, as amended

August 14, 1923, whose language at present is verbatim:

"Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court in an appellate proceeding brought by the filing of a petition in error and known as a proceeding in error, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and exception was at the time reserved to such ruling; all of which shall be embraced in the bill of exceptions. The ruling of the court below upon each matter presented by a motion for a new trial shall be sufficiently questioned in this court by an assignment that the court below erred in overruling such motion for a new trial."

The amendment made in the rule in 1923 was merely the insertion of the words "in an appellate proceeding brought by the filing of a petition in error and known as a proceeding in error." This amendment was promulgated in consequence of the adoption some years before (Laws of Wyoming 1917, Chapter 32) of the additional method of review of causes by this Court, now generally known to the profession in this State as "the direct appeal" method of obtaining an appellate consideration of judgments rendered by the district courts in this jurisdiction. Prior to 1923 the rule, aside from the amendment aforesaid had stood in the language quoted for several decades as a cardinal rule of practice governing a proceeding in error. See Freeburgh v. Lamoureux, 12 Wyo. 41, 73 P. 545, and cases cited.

Defendants in error, by their motions aforesaid, insist that in view of the statute quoted above and the rule aforesaid, which as may be observed was unquestionably adopted with no thought of such a statute in mind, the plaintiff in error may not secure a review of the respective judgments involved in the instant

litigation through the pending proceedings in error, and they base their position upon the following facts of record now to be recited: In the submitted bills of exceptions signed and certified as true and correct by Judge Harry P. Ilsley of the Sixth Judicial District, sitting by assignment in the stead of Judge C. D. Murane of the Seventh Judicial District, where the causes arose and were tried, the date when the several motions for new trial were filed is set forth, viz., November 29, 1938, and the motions last mentioned were, omitting titles, incorporated therein verbatim. It also appears from the same source that Judge Ilsley did not rule upon said motions for a new trial until January 27, 1939, more than sixty days after the rendition of the judgments in question, but that on that date he made orders denying said motions, to which orders plaintiff in error duly saved its exceptions. No formal orders of court or stipulations, as contemplated by the quoted statute, to secure continuances in the matter of deciding said motions for new trial beyond the sixty day period, seem to have been obtained or sought.

The difficulty arises in these causes because of the provision in the law that unless a continuance is had in the manner indicated, the motions "shall be deemed denied," and because of the peculiar provisions of Rule 13 recited above.

Statutes of this kind in substance have been enacted in a number of States of the Union, and, without undertaking to be exhaustive, we may mention the commonwealths of Montana, California, Oregon, Wisconsin, Arizona, Alabama and Colorado. The enactment of such laws is evidently with the idea of expediting court business and preventing trial judges from keeping motions for new trial under advisement for an unreasonable length of time. Statutes of this character have generally been held to be mandatory. Nendel v. Meyers (Or.) 94 P. (2d) 680. Under such statutory

provisions if a motion for a new trial is not determined within the time fixed by the law, it is deemed denied constructively or by operation of statute.

It is urged for the defendants in error that no exceptions were taken as required by our Rule 13 aforesaid concerning court orders overruling motions for new trial, this statement being made evidently with relation to the operation of the statute here involved.

Section 89-2001 W. R. S., 1931, defines an exception thus:

"An exception is an objection taken to a decision of the court upon a matter of law."

It is familiar law that the purpose of an exception or objection to a court ruling is, of course, to advise the court at the time that its ruling will not be accepted as final, so that such ruling may be corrected by the court, if upon further consideration the ruling be deemed improper, and that said ruling will be challenged either by again calling it to the court's attention or by appealing to another tribunal.

It is quite obvious that an exception is not appropriate to be applied to a situation where no order of court whatsoever is made but the motion for a new trial is disposed of constructively or by operation of law. In such case the court does not act at all; the statute itself denies the motion. But if it should be said, as was done in Notbohm v. Pallange, 168 Wis. 225, 169 N. W. 557, that a constructive denial of the motion was really an order of denial and of like effect as a formal court order to that effect, then it may appropriately be recalled that in 3 C. J. 899, it is said:

"And the rule requiring an exception does not apply, where the ruling or decision complained of was made at such a time or in such a manner that there was no opportunity to take exceptions."

And 4 C. J. S. 663, Section 324, reiterates the same principle.

In Sutherland v. St. Lawrence County, 93 N. Y. S. 958, the court said:

"The rule sought to be invoked as to motion for new trial and exception as a reason for reargument does not apply. The motion for nonsuit was decided after the conclusion of the trial, and was evidenced by an order formally entered at a time when there was no opportunity to take an exception. Under such circumstances the court will review the judgment as though a formal exception had been interposed. Wheeler v. Sweet, 137 N. Y. 439, 440, 33 N. E. 483."

In the case of Wheeler v. Sweet, 137 N. Y. 439, 33 N. E. 483, referred to in the excerpt set forth above, the New York Court of Appeals used the following language:

"The plaintiffs had no opportunity to interpose a formal exception. Under such circumstances, we think the party injured may, on appeal from the judgment, raise the question, as though a formal exception had been interposed. The protection of a most valuable and important right requires that the court, in the interest of justice, should take notice of the error."

And the court last mentioned, in the later case of Pangburn v. Buick Motor Company, 211 N. Y. 228, 105 N. E. 423, again considered the subject and remarked:

"The next question is whether the proposition that there is no foundation for the judgment, and that the latter therefore is erroneous, can be argued on an appeal from the latter alone, in the absence of any exception presenting the question of which argument is sought. We think it may. Of course, it is a familiar rule that, on appeal from a judgment in a civil action, this court can only consider questions of law, and that those questions must be presented by exceptions. This rule, however, must be interpreted in the light of reason and subject to certain inherent limitations. Ordinarily the question which is presented arises on the

trial where full opportunity is presented to take an exception, and where, generally, justice and fairness require that one should be taken at the time if the party is dissatisfied with the conduct of the trial, and it is concerning such a situation as this that the rule is constantly reiterated and enforced that an exception must be taken for the purpose of appeal to this court. Hecla Powder Co. v. Sigua Iron Co., 157 N. Y. 437, 52 N. E. 650.

"But a case may arise where there is no opportunity to take an exception, and such is the present one. As has already been stated, the charge of the trial judge was correct, and did not authorize the jury to do any such thing as was by them done, and therefore no occasion or opportunity was presented for taking an exception which would cover their subsequent action. There was no such thing as taking an exception to the verdict, and while the appellant doubtless had the right to move to set it aside, for the reasons herein considered, and appeal from an order denying such motion, he naturally would not care to follow up this form of relief if he considered that the verdict had the effect of exonerating his client and therefore might furnish the basis for a judgment in its favor. Neither, of course, could an exception be taken to the judgment which was entered on the verdict, and therefore there was no such opportunity to take an exception as would furnish any such reason for the application of the rule which has been adverted to. Under such conditions, we think the rule has no pertinency."

In the matters before us it was obviously impossible to take exceptions "at the time" the statute operated, as Rule 13 declares is necessary relative to a court order. In this connection it may not be amiss to observe that in the general practice in this jurisdiction a large number of exceptions to orders overruling motions for a new trial are, as a matter of fact, never taken "at the time" the order is made. The judge overrules the motion, and he simply directs the insertion of a notation that an exception was saved in the order as a matter of course.

In State ex rel. Gerst Bros. Mfg. Co. v. Ossing (Mo.

App.) 7 S. W. (2d) 428, an application for a writ of mandamus to compel a judge to sign a bill of exceptions where the objection was that there was in fact no exception taken to the trial court's action in overruling a motion for a new trial, the peremptory writ was nevertheless granted. It appeared there was a practice and custom in the Circuit Court of the City of St. Louis, Mo., that exceptions were considered saved as a matter of course. Holding that it was unnecessary to except "at the time" to the order overruling the motion for a new trial, the court indicated that:

"It is evident that some such a rule as the one in question would be almost a necessity in the circuit court of St. Louis. It would work a very great hardship if lawyers were compelled to be in court or watch all proceedings so closely that it would be necessary for them to be present in court and save their exceptions to the overruling of a motion for a new trial. The rule that such is not necessary is such a rule as naturally grows out of the very necessity of the practice. This would not be in violation of the statute, nor would it in any way injure the adverse party, or deny him any right to which he would otherwise be entitled."

The underlying logic of these authorities would seem appropriately to furnish at least one of the reasons why we find that Sections 89-1213, 89-1214 and 89-1215 W. R. S., 1931, were enacted, which empower district judges in this jurisdiction at chambers or in vacation or in another district, to render certain decisions (one of these being concerning motions for a new trial) and no exceptions are necessary to obtain a review of such decisions in this court.

Under these authorities it would appear reasonable and proper for us to decide in the cases at bar that our Rule 13, aforesaid, has been in effect amended by the 1935 statute set forth above, so as to permit a review of all questions raised by the motions for a new trial herein as fully as if a regular order of court had been

made on the date the time fixed by said statute for the determination of the motions expired and an exception had been saved thereto.

We are additionally confirmed that such a determination of the point converted here is correct by the position taken on the part of the Supreme Court of Wisconsin in Borowicz et ux. v. Hamann et al., 193 Wis. 324, 214 N. W. 431, where the court said:

"It is next argued that, the court having failed to set aside the verdict of the jury within 60 days, the respondent is not entitled to a review of the questions whether or not the verdict is supported by the evidence or whether the court erred in failing to direct a verdict, and that, as a necessary consequence, the judgment entered below must be reversed, and judgment must be directed in accordance with the verdict.

"The defendants in this case seasonably made a motion to set aside the verdict and for a new trial. The failure of the court to act within the time prescribed by section 270.49 did not deprive the court of jurisdiction as is argued here, but operated as a constructive denial of the motion. It would be clearly unreasonable to hold that a party who has done everything possible for him to do is deprived of a right of review in this court because of the failure of the trial court to act seasonably. The appealing defendants, having made a timely motion to set aside the judgment and for a new trial, are on appeal entitled to a review of every question which they would have been entitled to have reviewed had the court itself denied their motion."

Section 270.49 Wisconsin Statutes, 1927, so far as pertinent here regarding motions for a new trial, enacts that they "must be made and heard within sixty days after the verdict is rendered, unless the court by order shall extend such time for cause. * * * * * * If such motion be made, but not decided during said sixty days or within such time as the court shall have fixed in such extension, then such motion shall be taken as overruled, and an exception to such constructive denial

of the same shall be allowed in the bill of exceptions." Under the authorities reviewed above concerning the limitation upon the rule requiring the taking of exceptions, the foregoing Wisconsin case where the statute directed an exception would appear to be applicable to the matters at bar.

Another consideration which has induced us to reach the same result as does the conclusion hereinbefore announced, relative to the disposition of the converted point, is that an examination of the certified journal entries of the orders made by the district court on January 27, 1939, overruling the motions for a new trial, discloses that in each of them it is recited that:

"This matter coming on to be heard this 27th day of January, 1939, on the motion of defendant for a new trial in the above entitled cause; both parties being represented by their respective attorneys of record, arguments being heard, and the court being advised in the premises."

It is evident, therefore, that these motions were argued and contested on their merits, and both parties in the several causes, as well as the court, treated the motions for a new trial as undisposed of either by operation of law or by any previous ruling concerning them. Under such circumstances the decisions now to be mentioned would appear directly applicable.

In Ex parte Schoel, 205 Ala. 248, 87 So. 801, the opening paragraphs of the opinion filed read as follows:

"Petition for writ of mandamus to require the judge of the circuit court of Tuscaloosa county to vacate and annul the order under date of June 4, 1920, granting defendant's motion for new trial in the cause of Elizabeth E. Schoel (petitioner in the present proceeding) against the United Order of the Golden Cross, and to declare such order or judgment a nullity.

"The theory, in primary substance, of the petition is that because of the want of efficient orders of continuance of the motion for new trial, the circuit court was without power to consider the motion.

"The answer of the circuit judge, in response to rule nisi, not being controverted (Code, § 4865), its statements, etc. must be taken as true. Ex parte Scudder, 120 Ala. 434, 436, 25 South. 44.

"By appearing and unreservedly contesting the merits of the motion for new trial on June 2, 1930, the petitioner (plaintiff in the judgment in the circuit court) waived any right to claim a discontinuance consequent upon the absence (if so) of effective orders of continuance of the motion. McCarver v. Herzberg, 135 Ala. 542, 544, 33 South. 486; Shipp v. Shelton, 193 Ala. 658, 662, 69 South. 102, among others."

So in Smith et al. v. City of Nogales, 24 Ariz. 557, 211 P. 592, where the law (Civil Code 1913, Paragraph 591) directed that motions for new trials being not determined within twenty days after judgment should be deemed denied unless continued by order of court or stipulation, we find the court using this language:

"But it is contended that the court was without power to pass upon the motion for new trial, because at the time he acted more than 20 days had transpired from the rendition of the judgment, without any stipulation of counsel or order of the court continuing the hearing thereon. Unless a motion for new trial be continued, in one of the ways designated, under paragraph 591, Civil Code, 1913, it is provided that it shall be deemed denied. Construing this statute in Chenoweth v. Prewett, 17 Ariz. 400, 153 Pac. 420, it was held, in effect that this provision was mandatory and could not be waived and that an order or stipulation to be effective should be entered or made before the expiration of twenty days after the judgment was rendered. We have come to the conclusion that the denial of the motion by operation of law, unless continued by order of the court or by stipulation, being for the benefit of the party who obtained the judgment, may be waived by him, by stipulation entered into after the expiration of twenty days, and that the stipulation may be presumed from the fact that the parties have appeared and, without objection, agreed to the continuance of the motion, or presented it on its merits in argument before submission to the court for decision.

"The ruling in Chenoweth v. Prewett, and other cases following it, is modified to that extent.

"The rule in such cases is well stated in 15 C. J. 845, par. 164, as follows:

" 'But, where the court has general jurisdiction of the subject-matter, a lack of jurisdiction of the particular case may be waived by failure to take timely and specific objections, or an invocation of or submission to the jurisdiction may raise an estoppel to deny such jurisdiction. So also the parties may either expressly or by their conduct, waive objections to remedies pursued in courts having jurisdiction of the subject-matter.' "

In the cases at bar it would appear with reasonable clarity that the parties themselves have waived any operation on the part of the 1935 statute aforesaid. Undoubtedly they could do so by formal stipulation continuing the hearing. We are inclined to think they accomplished the same result when they appeared and argued these motions for a new trial upon their merits and thereby invoked the court's rulings thereon.

Accordingly that portion of the motions questioning the jurisdiction of this court to review the instant cases on the ground hereinabove considered should be denied. The remaining portions of the motions will be continued under advisement until the briefs are in and arguments submitted on the merits. By following this course of procedure two successive complete examinations on our part of the entire records, briefs and abstracts in these cases will be avoided. The defendants in error will be given forty-five days from the receipt by counsel of copies of the orders made, as above directed, in which to file their briefs on the merits.

*Motions denied in part and in part continued.*

KIMBALL and BLUME, JJ., concur.