250

C. E. HENDERSON,

*Plaintiff in Error,*

vs.

ARNOLD SKY,

*Defendant in Error.*

(No. 2592; April 28th, 1953; 256 Pac. (2d) 106)

For the plaintiff in error the cause was submitted upon the brief and also oral argument of James P. Horiskey of Cheyenne, Wyoming.

For the defendant in error the cause was submitted upon the brief and also oral argument of Paul B. Lorenz of Cheyenne, Wyoming.

## OPINION

RINER, Justice:

The plaintiff, C. E. Henderson, now plaintiff in error, brought an action in the District Court of Laramie County against Arnold Sky, the defendant, and now the defendant in error.

Plaintiff's petition may be briefly summarized as follows: He alleged in paragraph I that defendant made and delivered to plaintiff for a valuable consideration a note and contract reading:

"This agreement made and entered into this 3rd day of March, A. D. 1950 by and between C. E. Henderson, of 3619 North Tyler Avenue, Temple City, California, hereinafter known as party of the first part, and Arnold Sky, dba Logan Drug Company, of 1721 Logan Avenue, Cheyenne, Wyoming hereinafter known as party of the second part, W-i-t-n-e-s-s-e-t-h:

"Whereas, the party of the first part hereby agrees to

ship to the party of the second part Ten Thousand Whirlwind Kites, at a price of Thirty Cents (30c) each and a total sum of Three Thousand Dollars ($3,000.00), F.O.B. Los Angeles, California. The party of the second part is to pay shipping charges from the source to Cheyenne, Wyoming.

"Now, therefore, Arnold Sky hereby agrees to pay to the party of the first part 75% of his monthly gross receipts from the said sale of the kites until the sum of $3,000.00 is paid. The said Arnold Sky further agrees that in any event the total sum of $3,000.00 shall be paid to the party of the first part, C. E. Henderson, on or before March 3, A. D. 1951.

"It is further agreed by and between the parties hereto that this indebtedness shall carry no interest unless default is made in the payment of this note and if such default is made then it shall carry the sum of 7% interest per annu. (annum.) Arnold Sky and any endorsers hereby waive presentment, demand, protest, and notice thereof and agree to pay reasonable attorney fees, in case this note is placed in the hands of an attorney for collection.

"Dated this 3rd day of March, A. D. 1950, at Cheyenne, Laramie County, Wyoming.

> /s/ C. E. Henderson
> Party of the First Part
>
> /s/ Arnold Sky
> Party of the Second Part."

In presence of:

-------------------------------------------- (Witness)

In paragraph II it was stated that on the reverse side of the foregoing instrument there were "no installments (endorsements)."

Paragraph III alleged that the plaintiff has performed all the things he agreed to do by said contract but that the defendant has never paid any part of his monthly gross receipts from the sale of said kites and has failed to pay the $3,000.00 in full before March, 3, 1951.

Paragraph IV of plaintiff's petition alleges that the defendant agreed to pay an attorney's fee if the contract was not performed by maturity, and that said contract was not paid at maturity and this was due to the default of the defendant herein.

Paragraph V of said petition claims there is now due the plaintiff the sum of $3,000.00 with 7% interest and $750.00 attorney fees, all of which the defendant refuses to pay. Judgment was sought against the defendant for these sums with interest on the unpaid balance at 7%.

Thereafter the defendant filed his answer to said petition admitting the allegations of Paragraph I thereof except he denies the allegation of a valuable consideration. He admits the allegations of paragraph II and denies the allegations of paragraph III of said petition that plaintiff fully performed all the things he agreed to do. Defendant admits as stated in paragraph III that plaintiff shipped to defendant 10,000 kites as provided in said contract and that the defendant received them; that the kites were not of a quality reasonably fit for the purpose for which they were required; that they would not fly and so could not be sold as plaintiff well knew. Paragraph V of said answer stated that on account of the kites not being merchantable they could not be sold; that plaintiff knew that the defendant was in the retail merchandise business and plaintiff knew also the purpose for which the kites were sold defendant; that as a consequence the kites were a total loss to defendant and of no value; the defendant admits that he has not paid $3,000.00 to the plaintiff or any other sum. As to paragraph V of the petition defendant denies that any sum is due plaintiff by reason of defendant's default. He denies each and every allegation of paragraph V of said petition and

denies all allegations not "heretofore specifically admitted or denied."

Defendant, with this answer, filed a cross-petition wherein in paragraphs I and II he admitted that he entered into the contract above set forth; and paragraph II of the cross-petition states that pursuant to the terms of said agreement plaintiff shipped to the defendant and the defendant received 10,000 kites. Paragraph III of the cross-petition alleged that the defendant was engaged in the retail merchandising business at all times material hereunder and that the plaintiff knew this; that plaintiff knew the defendant purchased said kites for resale; that these allegations are made in the first 3½ lines of paragraph III; the rest of paragraph III states that said kites were not reasonably fit for the purpose for which they were to be used and were not of merchantable quality in that said kites would not fly and could not be made to fly, in consequence of which they could not be resold and hence were not merchantable; all of which plaintiff knew and also that said kites are of no value and are a complete loss to defendant. Paragraph IV of the cross-petition states that defendant has performed all the terms of said contract by him to be performed except payment by him to be made as consideration for said kites. That defendant paid freight on said kites in the sum of $251.99 and that the defendant has been damaged in that sum. Judgment was prayed against the plaintiff for the amount last stated.

Plaintiff filed a reply denying each and every allegation of new matter in said answer; answering said cross-petition plaintiff denied each and every allegation thereof and states that plaintiff admits the allegations contained in paragraphs I, II and the first three and one half lines of paragraph III of the defendant's

cross-petition, but denied all the rest of the allegations therein contained.

The cause being thus at issue it was tried before the court without a jury on June 13, 1951, with the result that a judgment was entered on July 2nd, 1951, having been rendered on June 30 1951. This judgment reads in part as follows:

" * * * the proofs of the parties having been submitted in evidence, the Court does find generally against the Plaintiff and for the Defendant upon the Plaintiff's petition and the Court does find generally in favor of the Plaintiff and against the Defendant upon the Defendant's cross-petition; the Court does further find that the Plaintiff should take nothing by his petition and that the Defendant should take nothing by his cross-petition and the Court does further find that the kites described in said pleadings filed in said cause and in possession of the Defendant herein should be surrendered by said Defendant to the Plaintiff;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff have and recoved nothing against the Defendant, Arnold Sky, on Plaintiff's petition and that the Defendant, Arnold Sky, have and recover nothing upon his cross-petition against the Plaintiff, C. E. Henderson; that the kites identified upon the trial now in possession of the Defendant be surrendered to the Plaintiff.

"To which said Judgment and the whole thereof the Plaintiff, C. E. Henderson, excepts and his exception is allowed.

"Dated this 30th day of June, 1951."

On July 2, 1951, plaintiff filed his motion for a new trial, in paragraph I of which he stated:

"1. That the plaintiff was confronted in the trial of the matter with evidence which was a surprise and which he could not with ordinary prudence guard against in that the defendant produced evidence that the kites in question would not fly in Cheyenne at an

elevation of 6,200 feet, although the plaintiff produced evidence that the kites would fly at elevations varying from sea level to 8,000 feet."

Paragraph II of said motion asserted that:

"2. That the plaintiff is now in possession of newly discovered evidence material to the plaintiff's case resulting from tests of the said kites in Cheyenne which he could not with reasonable diligence have discovered and produced prior to the trial of the matter due to inaccessibility of the kites and weather conditions prevailing before the said trial."

Meanwhile apparently no steps had been taken to appeal to this court from the judgment with which plaintiff was dissatisfied and no bill of exceptions had been prepared and submitted to the trial court. Indeed, the plaintiff did nothing to press for a decision of the court on his motion for a new trial but allowed the sixty (60) days prescribed by § 3-3404 W.C.S. 1945 as the time within which motions for new trial should be determined, to elapse without taking any steps in the case. Thereafter and on September 26, 1951, plaintiff filed what he designated as a "Supplemental Motion for a New Trial." This motion was, so far as the allegations and material used therein, identical with that filed on July 2nd, 1951, as set forth above. No court order had been asked or made to continue the hearing on said motion for a new trial, nor had it been continued by stipuation of counsel for the respective parties as provided by the statute last above cited.

Theretofore and on September 24th, 1951, defendant filed his "Objection to Hearing Plaintiff's Motion for a New Trial" which embodied a request by counsel for defendant that:

" * * * the Court refuse to hear the Motion of said Plaintiff for New Trial on file herein.

"As grounds for said objection the Defendant shows

and represents that said motion has not been heard or disposed of within the sixty (60) day period from the date of entry of judgment in said cause as required by statute, and that there has been no Order of Extension granted within the sixty (60) day period, or at all, nor any stipulation entered into continung the time for hearing said motion."

On October 1st, 1951, the Court heard this objection and considered at that time both motions for a new trial. It sustained the objection of defendant ruling as the Court's order states:

"IT IS THEREFORE ORDERED that the objection of Defendant to hearing of Plaintiff's motion for a new trial be and the same is hereby sustained, to which Plaintiff excepts and his exception is hereby allowed."

At the time this matter was heard the plaintiff's motion for a new trial had been denied by the statutory provision appearing in section 3-3404 W.C.S. 1945 which directs:

"Motions for new trial shall be determined within sixty (60) days after the rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation."

It is apparent that the cause was appealable to this court after the sixty (60) days aforesaid had expired but nothing was done by plaintiff in that respect. It is evident that the court's ruling on the objection of the defendant was correct as the motion for a new trial filed on July 2nd, 1951, had been denied by the operation of the statute last cited. The matter could then have been brought to this court for review but nothing of the sort was attempted. See Board of Commissioners of Natrona County vs. Casper National Bank, 55 Wyo. 144, 96 Pac. (2d) 564.

On September 28, 1951, plaintiff filed "A Petition to Vacate Judgment" which requested that the judgment

of July 2nd, 1951, aforesaid be vacated and that "A new trial be granted in the matter." The next term of the District Court of Laramie County did not commence until Monday, October 1st, 1951. It is evident therefore that the petition to vacate judgment was prematurely filed, it evidently being intended as a compliance with section 3-3801 W.C.S. 1945 which provides for modification of judgment after the lapse of the regular term of court. Upon examination of its allegations it is plain it was nothing more than another motion for a new trial on the same grounds as substantially set forth in the other two motions for a new trial and which the court refused to hear, undoubtedly because the statute had already denied the motion for a new trial above referred to of July 2nd, 1951. No reason is advanced why the trial court, after a motion for a new trial has been denied, should be again required to consider and rule upon a motion embodying the same grounds and designed to accomplish the same purpose. An examination of the several motions for a new trial discloses that it is sought in order to introduce merely cumulative evidence. It has been repeatedly held that a new trial will not be granted just for the purpose of introducing newly discovered cumulative evidence. See cases cited from more than forty different jurisdictions in 46 C.J. pp. 273 to 277 inclusive. 39 Am. Jur. 176, § 170 says that:

"As a general rule, a new trial will not be granted on newly discovered evidence when such new evidence is merely cumulative in character."

In this connection it may be observed that plaintiff claims he was surprised by testimony given on behalf of the defendant that the kites would not fly. We cannot see why this should be so, when the fourth paragraph of defendant's answer specifically alleges: "said kites

would not fly and as a result could not be sold, all of which plaintiff well knew."

It is also asserted that plaintiff could not have obtained evidence before the trial showing that the kites would not fly because he could not obtain one of them at that time for test purposes. It is not shown that application was ever made to the trial judge before trial for an order directing the defendant to turn over several kites to the plaintiff for that purpose and that the court refused to act. Indeed, after the trial of the case counsel for the respective parties themselves stipulated that plaintiff should have several kites which had been sent to the defendant and which the defendant admits he received, the same to be used for test purposes. Doubtless a similar stipulation could have beeen obtained before trial of this action was had.

In this connection it may be noted that affidavits of plaintiff's counsel and several others were attached to plaintiff's "Petition to Vacate Judgment." These affidavits stated that kites obtained under the stipulation aforesaid were flown east of the City of Cheyenne on September 23, 1951. This testimony obviously being similar to that which was submitted to the court when the case was tried as above set forth. The affidavits show clearly the character of the testimony which by plaintiff's moving papers was designated as newly discovered evidence.

It appears that the court sustained a demurrer to plaintiff's petition to vacate the judgment of date June 30, 1951, entered July 2nd, 1951, and thereon entered a dismissal judgment. It is to this judgment that these proceedings in error are prosecuted. It would have doubtless been better practice for the defendant to have moved to strike said petition from the files as

setting forth grounds for a new trial which had already been adjudicated in the case, and inasmuch as the result would have been the same as is now here presented we can perceive no prejudicial error in the ruling. The judgment of the District Court of Laramie County should be affirmed.

Affirmed.

BLUME, C. J., and HARNSBERGER, J. concur.