.Ralph E. BARBOUR, Appellant
(Plaintiff below),

v.

Margaret Lorene BARBOUR, Appellee
(Defendant below).

No. 4241.

Supreme Court of Wyoming.

Jan. 18, 1974.

David B. Kennedy of Burgess, Kennedy & Davis, Sheridan, William D. Omohundro, Buffalo, for appellant (plaintiff below).

Lawrence A. Yonkee and Tom C. Toner of Redle, Yonkee & Arney, Sheridan, for appellee (defendant below).

Before PARKER, C. J., McEWAN, GUTHRIE, and McCLINTOCK, JJ., and PEARSON, District Judge (Retired).

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal by the plaintiff-husband from a decree of divorce granted to him. He argued that the trial court was without jurisdiction to hear the matter because he had filed an affidavit for a change of judge, and the trial court erred in not assigning the case to another judge. He also contended that the trial court erred in denying his motion for a new trial, and the findings with regard to the property division were not supported by sufficient evidence.

### Change of Judge

The husband's counsel recognized that he did not follow the procedures of Rule 40.1, W.R.C.P., in that the certificate of counsel was not filed until one day before trial, whereas the rule required that it be filed not later than 15 days before trial. There must be compliance with the rule requirements as to timely filing because the requirement is one of substance and not merely one of form. Although he timely filed an affidavit of prejudice, the certificate of counsel was not filed until January 17, 1973, which was one day before trial. The pertinent portions of Rule 40.1 provide:

"(b)(1) Any party, at least fifteen (15) days prior to the date set for trial, may move for a change of district judge on the grounds (A) that the presiding judge (i) has been engaged as counsel in the action prior to his election or appointment as judge, (ii) is interested in the action, (iii) is kin to a party, or (iv) is a material witness in the action; or (B) that the party or his counsel believes that the presiding judge is biased or prejudiced against the movant. The motion shall be supported by an affidavit made by either the party or his counsel stating one or more of the above grounds, *with a certificate of counsel attached that such affidavit is made in good faith and not for the purpose of delay. * * *"* (Emphasis supplied.)

The procedure for a change of judge in a civil action was contained in §§ 1–53 and 1–56, W.S.1957, until these statutes were superseded by rule. The statutes required the filing of an affidavit not less than five days before trial but did not require the certificate of counsel. Rule 40.1 was adopted July 12, 1971 and became effective November 18, 1971, which was more than one year prior to the husband's attempted

change of judge. The husband argued that the trial court nonetheless should have removed himself from the case and called in another judge because no feature of our system of justice is as important as impartiality, and to deny impartiality because of a procedural defect would be wrong and perhaps a violation of due process. It may be that a party can at any time for just cause and reasons other than those contained in a statute or rule obtain a change of judge. However, we are not called upon to make such determinations in this case because the husband made no such showing. It is clear that he was attempting to obtain a change of judge pursuant to statute because he stated in his affidavit that the affidavit was made pursuant to § 1–53. These statutory and rule provisions have been treated in the nature of a peremptory challenge to the judge, and, as such, there must be compliance with the rule provisions.

 The record does not show that the trial court was called upon to rule on the question of change of judge after counsel filed his certificate. The affidavit of the husband was filed on December 26, 1972, and on January 8, 1973 the trial court advised him the motion was denied because it did not meet the requirements of the rule. On January 17, 1973 the certificate of counsel was filed, and the trial was held on January 18, 1973 as scheduled. Prior to trial the record consisted of 52 pages including motions by each party for a restraining order supported by affidavits, restraining orders, complaints, answers, and counterclaims. Therefore, it may well be that the trial court was not even aware of the certificate of counsel. We are being asked to rule upon a question that was not shown to have been raised in the trial court, which we have said we will not do.[1] The failure to pursue the matter before the trial court may constitute a waiver. Since the question of the certificate of counsel was not raised in the trial court the issue

before us could more properly be categorized as the failure to file the certificate rather than the late filing of the certificate. Since the certificate constitutes an integral part of the motion, the failure to file the certificate means that no proper motion was filed, which has the effect of no motion having been filed. However, as the matter stands before us, we think the result would be the same. Since no proper motion was timely filed the trial judge was not disqualified. State ex rel. Paschke v. District Court of Thirteenth Judicial District, Mont., 514 P.2d 590 at 593; State v. Light, Mo., 484 S.W.2d 275.

### New Trial

Following the entry of the decree the husband filed a motion for a new trial which was limited to the issue of the division of property. Although the motion also asked in the alternative that the judgment with regard to the division of property be altered, the questions raised therein are answered in the discussion under this heading and that of "Division of Property." His motion, based upon the ground that he had new evidence as to the property of the parties which could not have been produced at the trial, was apparently made pursuant to Rule 59(a)(7), W. R.C.P. We say apparently because neither this rule nor any other authority is cited in that portion of his brief. The sole question before us on this point is whether or not the husband sustained his burden of showing that the evidence he sought to present was newly discovered and could not with reasonable diligence have been produced at the trial. By his motion he sought to present to the trial court figures of his income and disbursements for 1972. He contended that since the trial was held only 18 days after the close of the calendar year 1972 he had not yet compiled the figure for receipts and disbursements for 1972. He offered no evidence on direct examination as to the receipts and dis-

---

1. Karns v. Karns, Wyo., 511 P.2d 955 at 958; Beckle v. Beckle, Wyo., 452 P.2d 205 at 209; Logan v. Stannard, Wyo., 439 P.2d 24 at 27.

bursements of the parties during 1972 even though this related to the property of the parties. They had operated a ranching business and monies received were deposited in his personal checking account to which the wife had no access, and the items of income and disbursement were within his exclusive knowledge. On cross-examination the defendant sought to gain this information, but the husband was very evasive. The record reveals, however, that the items of receipts and disbursements, as contained in an affidavit attached to his motion for new trial, do not materially differ from those items of receipts and expenses to which he testified upon cross-examination. The items listed under disbursements in his affidavit, which could properly be categorized as expenses, were less than the $34,989.86, which he testified on cross-examination were his total expenses for 1972.

■ The evidence which he sought to introduce by his motion for new trial was merely cumulative and would therefore not constitute a valid basis for a new trial because of newly discovered evidence. Opie v. State, Wyo., 422 P.2d 84 at 85; Henderson v. Sky, 71 Wyo. 250, 256 P.2d 106 at 110.

■■ He further argued that the trial court erred in requiring him to produce his financial records when no attempt had been made at discovery by the defendant. He ignores the fact that he was the plaintiff and in his complaint asked "that the court should make a fair and equitable distribution of the property so acquired and division of the debts so incurred." He alone had knowledge of the items of receipts and disbursements and had an obligation to properly advise the court. The record is clear that he had such knowledge at the time of trial. He cannot be heard to complain at this late date that the outcome might have been different had he made full disclosure to the trial court. As we said in Saunders v. Saunders, Wyo., 464 P.2d 1020 at 1023:

"* * * A party cannot neglect to exercise such diligence in the preparation of his case as the circumstances reasonably suggest and as would enable his attorney to take the necessary steps to procure the evidence, go to trial without it, and when defeated be entitled to a new trial for the lack of evidence which could have been produced had proper diligence been exercised. * * *"

A new trial on the ground of newly discovered evidence is properly denied where the evidence was available but was not produced at trial. Wyoming Wool Marketing Association v. Urruty, Wyo., 394 P. 2d 905 at 909.

Not only was there no abuse of discretion in the trial court's denial of the plaintiff's motion for new trial, but we find no justification for which the trial court could have granted the motion.

### Division of Property

■ The husband argued that the division of property was not just and equitable in that the trial court did not give proper consideration to the statutory provisions of § 20–63, W.S.1957. It provides that a disposition of the property of the parties by the trial court shall be just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by the divorce, and to the party through whom the property was acquired. Some of the background of the case is perhaps in order so that consideration can be given to the application of the above standards by the trial court. The parties had been married for almost 27 years at the time of the divorce and four children were born to the parties, one of whom was still a minor and dependent upon the parties for support. All of the property of the parties was accumulated during their marriage. In the opinion of the husband their assets totaled in excess of $123,000.00. Two pieces of property upon which he placed a value of $91,000.00 were acquired from or with some assist-

ance by the wife's parents. While there was no showing that the parties paid anything less than a fair price for the properties, they paid no interest on the payments to the wife's parents over the years, and the trial court could have concluded that the wife's parents aided the parties in the purchase of their principal properties. The trial court awarded the wife the home place, which was purchased from her parents and where she was born and raised. Other real property was awarded the husband. The one large ranch property was ordered sold and the proceeds divided. The husband argued that under the decree he would receive 40.6 percent of the parties' assets and the wife would receive 59.4 percent. We do not agree that the record supports this contention. A careful analysis convinces us that the husband would receive in excess of 50 percent of the net assets. Even if we were to concede arguendo that the figures are as he contends, we cannot say the trial court abused its discretion.

■ He further contended the ranch property should not be sold since it would deprive him of his ability to maintain his livelihood as a rancher because he would have no land upon which to ranch. He made no such contention before the trial court and, in fact, testified that for the last three or four years he had leased the ranch land to other individuals. His argument that his principal occupation was that of rancher was unpersuasive when the facts reveal that he leased the lands to others and also had worked 12 years for the Department of Agriculture. He offered no alternative to the method of division as adopted by the trial court, and if he had such a plan he had an obligation to present it to the trial court. Beckle v. Beckle,

Wyo., 452 P.2d 205 at 209. When business property has to be divided neither the business nor the role of the parties will be the same. Young v. Young, Wyo., 472 P.2d 784. Even though the ranch property was ordered sold there was nothing to preclude the husband from purchasing the ranch. He had a one-half interest in the property and all he would need do, in effect, is buy the wife's one-half interest. He made no argument that this could not be done, and the record indicated this was a reasonable possibility.

■ The husband recognized the trial court has wide discretion in divorce action property distribution, and the judgment cannot be disturbed except on clear grounds and will be altered only in extreme cases. In the exercise of its discretion, just and equitable divisions are likely to be unequal and we might therefore affirm a case where more property is awarded to the wife than to the husband, and also affirm in another case where more property is awarded to the husband than to the wife. Young v. Young, supra, 472 P. 2d at 785.

The husband had every opportunity to present evidence as to the value of the property of the parties and his views concerning a method of distribution. Having failed to do so he cannot expect this court to try his case anew. Even based upon the evidence as he would interpret it, we cannot say we would have done differently than did the trial court. The trial court's distribution meets all the criteria of a just and equitable division.

Affirmed.

McINTYRE, J., took no part in the consideration or decision of the case.